MURRAY *v.* JACKSON.

Opinion delivered February 17, 1930.

*McMillen & Scott,* for appellant.
*John E. Coates, Jr.,* for appellee.

HART, C. J., (after stating the facts). It is first contended that the court erred in allowing the wife of W. S. Mitchell to testify. The record shows that, before she commenced to testify, the court told the jury that her testimony could only be considered by it as to the claim of Mrs. Jackson, and could not be considered as to the claim of her husband. W. S. Mitchell and Mrs. Jackson brought suit together against Murray under § 1081 of Crawford & Moses' Digest. When causes of action of a like nature or relative to the same question are pending, the court may consolidate said causes, when it appears reasonable to do so. So it will be seen that, if W. S. Mitchell and Mrs. Jackson had brought separate suits, it would have been proper for the court to have consolidated them for the purpose of trial. The same evidence was necessary for a recovery in each case, and to present the defense to the action. W. S. Mitchell was not financially interested in the recovery by Mrs. Jackson. Their respective interests in the result of the trial were entirely separate, and the court expressly limited the effect of Mrs. Mitchell's testimony to the suit of Mrs. Jackson in recognition of the prohibition by the statute against testifying of the wife for or against her husband. The position of the par-

ties was in no wise different than if separate suits had been brought by W. S. Mitchell and Mrs. Jackson and had been consolidated for trial.

This court has held that the fact that a husband and wife have joint claims in an action does not prevent either of them from testifying in his or her own case, but that the testimony of the wife cannot be considered in the case of the husband, and the testimony of the husband cannot be considered in the case of the wife. *Little Rock Gas & Fuel Co.* v. *Coppage,* 116 Ark. 333, 172 S. W. 885. In *Bush* v. *Brewer,* 136 Ark. 246, 206 S. W. 322, it was held that where two causes of action in behalf of two plaintiffs for personal injuries growing out of the same accident were consolidated, the wife of each plaintiff was not disqualified to testify on behalf of the other plaintiff. Hence, we hold that this assignment of error is not well taken.

The next assignment of error relates to the admission of testimony for the plaintiff Mrs. Jackson. It had been shown in behalf of Mrs. Jackson that her injuries were permanent, and that it was necessary to keep her in the hospital for some time with special nurses and a physician attending her daily. The hospital, nurses' and physician's bills amounted to something over $1,700. The defendant then introduced a physician as a witness who testified that he examined Mrs. Jackson at the hospital, that she could walk about while there, that it was not necessary to keep her there for so long, and that her injuries were not permanent. On cross-examination counsel for the plaintiff asked for whom he made the examination, and he replied that he did not remember, but believed that it was for an insurance company, and stated further that the Southern Insurance Company asked him to make a report on the case.

A reversal of the judgment was asked on account of the admission of this testimony. The claim is made that the cross-examination of the witness as to who employed him was made for the purpose of showing that an insur-

ance company was in reality defending the case, and that the cross-examination of the witness brought the case within the rule announced in *Pekin Stave & Manufacturing Co.* v. *Ramey,* 104 Ark. 1, 147 S. W. 83. We do not agree with counsel in this contention. The testimony of the physician introduced by the defendant tended to contradict the testimony of the physician introduced by Mrs. Jackson as to the character and extent of her injuries and as to the necessity of expending the money that was expended for her for hospital bills and attendance by nurses and a physician. The cross-examination was proper for the purpose of impeaching or contradicting the witness. The jury might have found that the employment of the physician made him biased in favor of the defendant, or at least tended to show the interest of the witness in the case. Because it chanced to show that an insurance company was back of the defendant to the action does not affect its competency. *Caddo Transfer & Warehouse Co.* v. *Perry,* 174 Ark. 1030, 298 S. W. 33; and *Warner* v. *Oriel Glass Co.* (Mo.) 8 S. W. (2d) 846, 60 A. L. R. 448.

The most serious assignment of error is that the judgment should be reversed because the court instructed the jury as follows:

"The court instructs the jury that where two vehicles approach or enter an intersection at approximately the same time, the one on the left shall yield the right-of-way to the vehicle on the right; but, however, where one vehicle has already entered the intersection, and the other vehicle has not, then the former vehicle has the right-of-way over the latter."

It is claimed that this instruction is erroneous in view of an ordinance of the city of Little Rock, § 35, which reads as follows:

"Section 35. When two vehicles approach, or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right except as otherwise provided in §§ 37, 38 and 39."

It is conceded that §§ 37, 38 and 39 apply to pedestrians, and that only § 35 applies in the case at bar. We do not think this assignment of error is well-taken. In the first place, this court has held that the general rules governing the movement of automobiles, except as changed by statute, are the same as those which regulate the movement of wagons and other vehicles. *Hodges* v. *Smith*, 175 Ark. 101, 298 S. W. 1023. In the absence of a statute or ordinance regulating the matter, it is the general rule that the vehicle entering an intersection of streets first is entitled to the right-of-way, and it is the duty of the driver of the other car to proceed with sufficient care to permit the exercise of such right without danger of collision. Case notes to 21 A. L. R. 974, 37 A. L. R. 494, and 47 A. L. R. 595.

In Berry on Automobiles, 6th ed. vol. 1, § 1045, it is said that an automobile that enters the intersection of two streets first, is, generally speaking, entitled to the right-of-way; and it is the duty of a motorist approaching at right angles to avoid colliding therewith. Again, in the same section, on page 891, the same author says that under a statute or ordinance giving right-of-way at intersections to the vehicle approaching from the right, if the vehicle approaching from the left arrives at the intersection when it is apparent that it can safely cross before the other vehicle arrives, it may proceed to do so; the rule as to right-of-way not applying in such instance.

It is plain that the ordinance was passed to obviate the confusion which would result if there was no rule on the subject where automobiles approach each other at intersecting streets in such a manner that, unless one of them gives way, a collision will result. The ordinance does not give the automobile approaching from the right the right-of-way where the automobile approaching from the left enters the intersecting street first, and proceeds across it before the other automobile reaches the intersection of the street.

According to the testimony of Mrs. Mitchell, she looked up and down the street before starting across Broadway, and had got a part of the way across it before she saw the automobile of the defendant coming north on Broadway at a rapid rate of speed. She was driving her car slowly, and a witness who had stopped his car, as required by ordinance, before starting across Broadway from the east side, testified that the driver of the defendant's car could have avoided striking Mrs. Mitchell's car if he had turned this car as much as two feet. According to this testimony, Mrs. Mitchell was not guilty of contributory negligence, and was not in violation of the ordinance. According to the testimony, she had entered the intersection first, and she had a right to continue across the street, and had the right-of-way over the defendant's automobile. This is in recognition of the general rule on the subject announced above. The instruction as given by the court was not contradictory. The first part of the instruction announces the general rights of the parties under the ordinance, and the other curtails that right upon the finding of certain facts by the jury. In other words, the ordinance gives the right-of-way to the automobile approaching from the right, if the two automobiles approach the intersection at right angles at approximately the same time; but this rule does not govern where the automobile on the left enters the intersection first, and the driver of it, in the exercise of reasonable care, has the right-of-way to continue across the street. Otherwise, he would have to stop in the middle of the street upon any other automobile approaching the intersection from the right. In this view of the matter, the two parts of the instruction supplement one another and do not at all conflict. The instruction, as a whole, submits the respective theories of the parties under the evidence adduced before the jury.

It is contended however that this view of the matter gives the wrong meaning to the word "intersection," as used in the ordinance. The ordinance provides that,

1152

when two vehicles approach or enter an intersection at approximately the same time, the driver in the vehicle on the left shall yield the right-of-way to the vehicle on the right. This does not mean that the intersection is the place or point where the two automobiles would meet if they continued on their course; or, in other words, it does not mean the point where the middle or center line of the two streets would cross each other. The word "intersection," as used in the ordinance, means the space occupied by the two streets at the place where they cross each other. It is the whole space between the lines of the two streets. As said in *Newman* v. *Apter*, 95 Conn. 695, 112 Atl. 350, 21 A. L. R. 970, the term "intersection," as used in the ordinance, means the space of the street common to both streets.

In *Varley* v. *Columbia Taxicab Co.*, 240 S. W. 218, it was held by the Supreme Court of Missouri that, under an ordinance giving vehicles traveling in an east and west direction the right-of-way, there was no conflict between instructions that, if one defendant was westbound and the other southbound, the first defendant had the right-of-way, and instructions that the ordinance did not apply to one driving at an unlawful rate of speed, and that it did not apply under all circumstances and on all occasions, but that the vehicle reaching the intersection first was entitled to the right-of-way, as the first simply announced the rule, and the others curtailed the general right.

No other errors are urged for a reversal of the judgment, and it will be affirmed.