JACKS *v.* CULPEPPER.

Opinion delivered March 23, 1931.

*H. K. Toney* and *Creed Caldwell,* for appellant.

McHANEY, J. On December 20, 1929, a collision occurred between the cars owned and driven by appellant and appellee at the intersection of East Fifteenth Avenue and State Street in the city of Pine Bluff, Arkansas. Appellee was driving east on Fifteenth Avenue and appellant north on State Street. The collision caused personal injuries to appellee, for which he brought this action in February following, alleging negligence, and in which he recovered a judgment against appellant for $500.

It is conceded that the testimony is in conflict regarding responsibility for the collision, each claiming that it was the other's fault and each being supported by other evidence, and that the verdict and judgment are supported by substantial evidence. It is contended, however, for a reversal of the judgment, that the trial court erred in giving two instructions over appellant's objections and in refusing to give another requested by him.

The first instruction given, about which complaint is made, was appellee's requested instruction No. 1, as follows: ''You are instructed that it is the duty of a person operating an automobile upon a public highway to drive the same with due care and circumspection, and at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic and safety of others, and he has no right to drive at such

speed or in such manner as to endanger the life, limb, or property of a person.'' The complaint made against this instruction is that it is inherently wrong, abstract, and that it assumes as a fact that appellant was driving his car at an excessive rate of speed when the evidence as to the excessive speed is conflicting. We cannot agree with appellant. The instruction is a clear and concise statement of the duty of any person operating an automobile upon a public highway. While requested by appellee, it applies to him as well as to appellant. It is substantially the same as § 3, act 223 of 1927, p. 721, defining reckless driving. It is not abstract for the court in instruction No. 2, immediately following, about which no complaint is made, applied the law as stated to the facts in this case, if so found by the jury. The instruction does not assume that appellant was driving at an excessive rate of speed. We approved a somewhat similar instruction in *Graves* v. *Jewell Tea Co.*, 180 Ark. 980-987, 23 S. W. (2d) 972.

■ The second instruction complained of is No. D, as follows: ''Where two automobiles approach a street intersection at approximately the same time, the one on the left shall yield the right-of-way to the one on the right; however, where one automobile has already entered the intersection and the other has not, then the former has the right-of-way over the latter.'' Appellant objected generally and specifically to said instruction ''because the proof shows that the plaintiff testified that he looked to the right and saw the defendant approaching before he entered the street.'' This specific objection is apparently based on the traffic ordinance of Pine Bluff relative to the right of way at street intersections, which provides that: ''A driver of a vehicle approaching an intersection of streets shall give the right-of-way to the vehicle approaching such intersection from his right.'' Appellant's other assignment of error relates to the same subject-matter, and both will be discussed together. The court refused his requested instruction No. 6, as fol-

lows: "It is the duty of a driver of a motor vehicle at street intersections to watch for motor vehicles approaching from his right and to give such motor vehicles the right-of-way. If he should fail to do that and is injured by a motor vehicle approaching from his right, he would not be entitled to recover for an injury, the result of a collision occasioned thereby."

An ordinance of the city of Little Rock relating to the right-of-way of vehicles at street intersections was considered by this court in *Murray* v. *Jackson*, 180 Ark. 1144, 24 S. W. (2d) 960. There the ordinance was: "When two vehicles approach, or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." It is conceded that if the Pine Bluff city ordinance were the · same as that of Little Rock, the court's instruction D would be a correct declaration of law. While it is true the ordinance now under consideration omits the words "at approximately the same time," as contained in the Little Rock ordinance, we think their meaning is the same, and that the same rule applies to both. The Pine Bluff ordinance certainly does not mean what appellant contends it does in his instruction No. 6 above set out. If the driver of a motor vehicle had to wait at a street intersection for every motor vehicle "approaching from his right and to give such motor vehicle the right-of-way," no matter how far away he might see him approaching, it would be so unreasonable as not to admit of that construction. Just as here appellee testified he saw appellant approaching from his right, about 290 feet away, and he thought he had ample time to cross ahead of him in safety. Appellee had entered the intersection while appellant was still "approaching" it, approximately 290 feet away. The ordinance does not require one who has "entered" the intersection to yield the right-of-way to one who is "approaching" it from the right, for one who has entered the intersection cannot be said to be approaching it. It only

requires one who is "approaching" to yield to one on his right who is also "approaching," which simply means the same thing as the Little Rock ordinance construed in *Murray* v. *Jackson, supra.* Therefore it follows that instruction D is correct, and that appellant's requested instruction No. 6 is wrong, and was properly refused.

Judgment affirmed.