HALBROOK *v.* WILLIAMS.

4—2576

Opinion delivered May 30, 1932.

*E. W. Moorhead,* for appellant.

*Frauenthal, Sherrill & Johnson,* for appellee.

McHANEY, J. On July 1, 1931, appellee's intestate, B. M. Morgan, was driving his Ford coupe south on Palm Street in North Little Rock and was crossing Second Street when his car was struck near the rear end by the Chevrolet car of appellant going east on Second Street with such force and violence as to tear off the right rear wheel of the Ford, causing it to reverse its direction, and throwing Mr. Morgan and his wife, who was riding with him, to the pavement, killing both of them. Mr. Morgan was killed instantly. Mrs. Morgan died some hours later without regaining consciousness. Separate suits were brought by appellee as administratrix of both estates for the benefit of their four minor children, the oldest being a boy 17 years of age, and the youngest a girl of 7. A recovery was also sought for pain and suffering, but, as the proof failed to develop any consciousness of either after the accident, the court properly

declined to submit that element of damages to the jury. The cases were consolidated for trial which resulted in a verdict and judgment in each case of $15,000 against appellant.

Five grounds are urged for a reversal of these judgments as follows:

1. When the jury was being impaneled, counsel for appellant asked all the members of the panel if they had ''any connection or relationship with the Standard Casualty & Surety Company of New York.'' And further if they ''had such relationship with any such company or any surety company that insures persons against liability.'' At the first intimation of such questions being propounded to the jury, counsel for appellant stated to the court in the absence of the jury that he offered to prove in the absence of the jury by its general agent for Arkansas that ''none of this jury is connected with the general agency or any local agency,'' and by its general counsel that none of the jury had any interest in the company as stockholders. The court then inquired of counsel for appellee if he had any reason to believe appellant had liability insurance, and he answered that he knew such to be the fact. The two questions as above stated were then permitted to be asked the jury over appellant's objections and exceptions. Even though appellant had made the proof offered, which he did not, and even though it be accepted as true, it would not preclude the questions, as it did not go as far as they did. The jurors or some of them might have had some relationship or connection with the particular company mentioned or some other surety company so as to make them undesirable jurors, and still not have been connected with any agency or held any stock in the particular company. We have many times held that similar questions may properly be asked the veniremen for the purpose of intelligently exercising the right of challenge. *Smith-Arkansas Traveler Co.* v. *Simmons,* 181 Ark. 1024, 28 S. W. (2d) 1052; *Ellis & Lewis* v. *Warner,* 182 Ark. 613, 32 S. W. (2d) 167; *Bourland* v. *Caraway,* 183 Ark. 848, 39 S. W. (2d) 316; *Sutton*

v. *Webb,* 183 Ark. 865, 39 S. W. ('2d) 865. No error was committed, therefore, in this regard.

2. It is insisted that appellee is barred from recovery because of the contributory negligence of Mr. and Mrs. Morgan. We do not review the evidence, as we think no useful purpose could be served in doing so. We have carefully read the testimony of the witnesses for both sides, and have reached the conclusion that there was very substantial evidence that appellant was negligent, and that the deceased persons were not. At least, we cannot say, as a matter of law, that the latter were guilty of contributory negligence preventing a recovery. The court properly submitted this question to the jury, and, there being substantial evidence to support the verdict, it is binding here.

3. It is suggested that the court erred in permitting a police officer to testify over appellant's objection that another officer arrested appellant shortly after the accident. There was no error in this regard, but, even so, it could not be prejudicial as the other officer so testified without objection, and appellant himself testified that he was arrested by such other officer.

4. Complaint is also made of the giving of certain instructions and the refusal to give certain others at appellant's request. For instance instruction No. 2, given at appellee's request, told the jury that if they believed from the evidence that Mr. and Mrs. Morgan were proceeding south on Palm at its intersection with Second in the exercise of ordinary care, and, while in said intersection, appellant negligently drove into same and struck the Morgan car and negligently caused their deaths without fault on their part, a recovery should be had in each case. This instruction is criticised on the grounds that it disregarded the duty imposed on them to look to the right and yield the right-of-way to cars approaching from the right. A city ordinance so provides, but we held in *Murray* v. *Jackson,* 180 Ark. 1144, 24 S. W. (2d) 960, that a vehicle having first entered an intersection had the right-of-way over a vehicle which had not, under a

like municipal ordinance. In this case the evidence was sufficient to establish the fact that the Morgan car entered the intersection first and was crossing the south rail of the street car track before appellant's car struck it. The instruction under discussion was in line with the holding in *Murray* v. *Jackson* by saying: "And that while in said intersection the defendant \* \* \* drove into said intersection and ran his car against the car of B. M. Morgan and in doing so he was negligent and his negligence caused the collision," etc. In *Jacks* v. *Culpepper,* 183 Ark. 505, 37 S. W. (2d) 94, we held that a similar ordinance does not require one who has actually entered the intersection to yield the right-of-way to one whose car is approaching but has not entered the intersection. We cannot discuss in detail all the errors argued relative to instructions, as to do so would extend this opinion beyond due bounds without accomplishing any practical result. We have examined the argument made on the several assignments and find it without substantial merit.

5. It is finally suggested that the verdicts are excessive. We do not think so. Four children were deprived of both mother and father in the same tragedy. The oldest, a boy, was 17 years of age. There were three little girls, age 14, 11 and 7. The father was earning $100 per month and was supporting and educating them with the help of his wife who looked after them and operated a grocery store in connection with the residence. They were shown to be a happy and contented family with ambition to educate and properly rear their children. The value of the counsel, advice, guidance, loving care and solicitude of both mother and father would be difficult of ascertainment in money and must be left to the sound judgment of the jury where it is not shown that such judgment has been swayed beyond reason and common sense by passion or prejudice. In addition the father was earning $1,200 per year, which was devoted to family purposes. Under these circumstances, we cannot say the judgments are excessive.

We find no error, and the judgments are accordingly affirmed.