FLOYD v. JOHNSON

4-4501

Opinion delivered January 25, 1937.

*John I. Moore, Jr.*, and *G. D. Walker*, for appellant.
*A. M. Coates*, for appellee.

MEHAFFY, J. This action was instituted by the appellee against the appellant to recover for damages to an automobile. The complaint alleged that some time in September, 1935, appellee was the owner of a certain Studebaker coupe, that he had loaned to one Ernest Smith to drive to Elaine, Arkansas; that after dark, Smith was returning to Helena on highway No. 44, driving in a careful and prudent manner when he collided with the rear of a truck belonging to appellant; that appellant's truck was parked squarely and wholly upon the highway and occupied that entire portion of the highway upon which automobiles going in a northerly direction were required to drive; that the trucks were parked without lights and that no warning signals were displayed. He alleges his car was damaged to the extent of $575.

The appellant filed answer denying the allegations of negligence and alleged the negligence of Ernest Smith, the driver of appellee's car, in driving at an excessive rate of speed without keeping a proper lookout. It is also stated in the answer that because of a breakdown appellant's truck had been unavoidably stopped and had been driven as far to the right of the highway as possible, and that the truck had burning, at the time of the accident, its lights, which included three red lights in the rear that would be plainly visible to Ernest Smith. It is also alleged in the answer that appellant's driver was attempting to repair the truck at the time of the accident.

There was a trial and a verdict and judgment in favor of appellee for the sum of $565.70. Motion for a new trial was filed and overruled, and the case is here on appeal.

The evidence showed that appellant's truck was on the right side of the road, but not off the pavement. The traveled portion of the road was 14 feet wide and the shoulders were 6 feet on each side. Appellant's truck had run out of gasoline and this was the reason that it stopped. Another truck belonging to appellant came by and the driver of the disabled truck flagged the driver of the other truck and asked him to pull his truck in. They started up the highway and the chain came loose. The driver got out, took the chain, and was waiting for the other truck to back up in order to connect the chain again, and the evidence showed that they had been stopped about two minutes when the accident occurred. While the truck was standing there and appellant's employees were endeavoring to fasten the chain again, appellee's car ran into the rear of the truck and was damaged.

The evidence is undisputed as to the truck being disabled, but there is conflict in the evidence as to whether a tail light was burning. The evidence was sufficient to submit the case to the jury.

This suit was brought under § 24 of act No. 223 of Acts of 1927. Paragraph (a) of this section is copied in appellee's instruction No. 1. Paragraph (c) of said section reads as follows: "The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

Appellant contends for a reversal, first, because the court gave instruction No. 1 requested by appellee, which is as follows: "You are instructed that it is unlawful for any person to park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main portion of any highway, outside of a

business or resident district, when it is practical to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway, and in no event shall any person park or leave standing any vehicle, whether attended or unattended upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon said highway, provided such vehicle is not disabled in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position. Therefore if you find from the evidence that the driver of the defendant's truck parked the same upon the paved or improved portion of the highway when it was practical to park or leave such vehicle parked or standing off the improved portion of the highway, or, if you find from the evidence that the driver of the defendant's truck parked upon said highway *and not* leave a clear and unobstructed width of not less than 15 feet upon the main traveled portion of the highway opposite such standing vehicle, then you are instructed that the parking of such vehicle was in violation of the law, provided it was impossible to move the same by reason of the disability of the truck, and if you should further find from the evidence that the driver of the defendant's truck was negligent in the parking thereof and that such negligence was the approximate cause of the damages to the plaintiff's car, then you are further instructed that the plaintiff would be entitled to recover and your verdict would be for the plaintiff.''

It will be observed that the above instruction copies the law and then tells the jury that if they find the things set out in that part of the instruction, that the parking of the vehicle was in violation of law, *''Provided it was impossible to move the same by reason of the disability of the truck.''* In other words the court told them that the doing of certain things was a violation of law, pro-

vided it was impossible to move the truck. The court evidently intended to tell them just the opposite of this; that it was a violation of the law, *unless* the truck was disabled so that the truck could not be moved. Instead of doing that, however, the court told them it was a violation of law, if it were impossible to move the truck. The instruction was doubtless prepared and given by the court in the hurry of the trial, and the court did not observe the contradictory statements in the instruction.

The instruction further told the jury that if the driver of the appellant's truck was negligent in the parking thereof, and such negligence was the proximate cause of the damages to appellee's car, then their verdict should be for the appellee. The negligence alleged, and which evidence was offered to establish, was the failure to have a light on the rear of the truck. This instruction should not have been given. Moreover, it was clearly in conflict with instruction No. 2, given at the request of the appellant, which reads as follows: "If you find from the evidence in this case that the defendant's truck displayed lights plainly visible from the rear, upon the rear end of said truck, and that such light or lights were burning at and before the time of the collision, then you are instructed to return a verdict for the defendant."

Appellant also urges that the case be reversed because the court gave instruction No. 4 as requested by appellee. This instruction reads as follows: "You are instructed that should you find from the evidence in this case that the driver of the defendant's truck parked the same upon the improved portion of the highway, but at that time said truck was disabled so that it was impossible to move the same, and if you should further find that at the time said truck did not have a tail light burning as defined in these instructions, and if you should further find that the failure on the part of the defendant to provide a tail light on said truck was the proximate cause of the damages to the plaintiff's car the plaintiff would be entitled to recover and your verdict should be for him."

It will be observed that the jury were told in this instruction that if they should find that appellant's failure to provide the tail light was the proximate cause of the damages, that the verdict should be for the appellee. Of course, if the appellant negligently failed to have a tail light it would be liable; but if the tail light was extinguished by any means other than the negligence of appellant, it would not necessarily entitle appellee to recover, although it might be the proximate cause of the injury.

The appellant also objected to certain evidence as to measurements of the road. The measurements were made immediately before the trial, which was in May, and the accident occurred in September before. We do not think there was any error in admitting this testimony, because it was shown that the condition of the road was the same at the time these measurements were taken as at the time of the accident.

We find no error except as mentioned above, but for the reasons above stated the judgment must be reversed, and the cause remanded for a new trial.