LIVINGSTON *v.* BAKER.

4-6451                                              155 S. W. 2d 340

Opinion delivered November 3; 1941.

1098

Reid & Evrard, for appellant.

Denver L. Dudley, for appellee.

McHANEY, J. On January 25, 1938, a collision occurred at the intersection of Division street and Chickasawba avenue, in the city of Blytheville, between a truck, owned by appellant and being operated in his business by his employee, and a car belonging to and being driven by appellee, resulting in personal injuries to appellee and damage to his car. He brought this action to recover damages therefor. Issue was joined on the allegations of the complaint and a trial resulted in a verdict and judgment for appellee in the sum of $7,735 with interest at 6 per cent. from January 29, 1941.

On this appeal only one assignment of error is relied on by appellant for a reversal of the judgment against him. He says the court erred in giving instruction No. 6, which was appellee's requested instruction No. 3, and is as follows: "You are instructed that in the exercise of ordinary care when the driver of a motor vehicle sees danger ahead or it is reasonably apparent if he is keeping a proper lookout, or if he is warned of approaching imminent danger, then the duty is imposed upon him and the reasonable control of the car requires that he immediately bring his automobile under such control as to be able to check the speed or stop it absolutely, if necessary, in the threatened emergency. Therefore, if you find from the evidence in this case that the driver of defendant's truck at the time of the alleged injury was aware of or had been advised of impending danger and negligently failed to bring his truck under such control as to be able

to check its speed or stop it absolutely, if necessary, after such danger came within his line of vision, then, in that event, he would be guilty of negligence, and if such negligence, if any, proximately caused the injury, if any, to the plaintiff, then your verdict in this case will be for the plaintiff, unless you find for the defendant under other instructions given you."

Criticism of this instruction is particularly directed to the language, ''When the driver of a motor vehicle sees danger ahead, or it is reasonably apparent if he is keeping a proper lookout, or if he is warned of approaching imminent danger,'' then it is his duty to bring his vehicle under control and to stop it if necessary to avoid the danger. We see no objection to this language when applied to the undisputed facts in this case or to the facts which the jury found by its verdict to be true, even though disputed. As stated above, appellee was traveling north on Division street and appellant's truck was being driven west on Chickasawba. There is some dispute as to the rate of speed each was traveling, but the driver of the truck admitted he was driving at from 25 to 30 miles per hour, and, although he saw a big traffic sign on Chickasawba with the word ''Slow'' on it some 150 feet east of the intersection, he paid no attention to it and continued west without slackening his speed until he was in about two feet of appellee's car, when he slammed on his brakes. He also testified that, when he was some distance east of the intersection, he looked to the south on Division street and saw appellee's car when it was about a block away going north toward the intersection; that he then looked to the north on Division to see if a car was approaching from that direction and that be continued to look to the north and did not again look south to see where appellee's car was and only saw it when it was right in front of him, only two feet away. The collision occurred in the northwest quarter of the intersection, at the time when appellee's car was almost out of the intersection, his car being struck by appellant's truck on its right rear, above the wheel. These facts justify the instruction complained of. Appellant's driver knew appellee's car was approaching the intersection.

He saw him when he was some distance south thereof. He saw the "Slow" traffic sign and deliberately disobeyed it. He looked to the north and continued on his way until he struck appellee's car, making no effort to avoid the collision, until it was too late, although he knew danger was approaching from the south.

The instruction complained of seems to have been taken almost literally from *Lockhart* v. *Ross,* 191 Ark. 743, 87 S. W. 2d 73, where an instruction was approved, embodying the following language: "And it is the duty of such a driver to keep his automobile under such control as to be able to check the speed or to stop if necessary to avoid injury to others when danger is apparent." In holding that the language above quoted did not offend against the rule announced in *Coca-Cola Bottling Co.* v. *Doud,* 189 Ark. 986, 76 S. W. 2d 87, the late Judge Butler, speaking for the court said: "We do not think so, because, in the exercise of ordinary care, when the driver sees danger ahead, or it is reasonably apparent if he is keeping a proper lookout, then the duty is imposed upon him, and the reasonable control of the car requires, that it be operated so it can be stopped in the threatened emergency."

But appellant says there was no allegation of failure to keep a proper lookout and that there was no evidence of such failure. We think the admission of the driver of this truck that he saw appellee coming, and then looked north, never again looking back south to see what appellee was doing, is sufficient to establish a failure to keep a proper lookout, and that the trial court was justified in treating the complaint as amended to conform to this testimony. The driver testified in this connection as follows: "I could have stopped if I thought he didn't have sense enough to stop and let me go on like I was supposed to. I won't say the right-of-way. He was going on a gravel street and I was going to the wholesale house." We are not sure just what the witness meant by that statement, but it seems to say that appellee should have had sense enough to stop and let his truck go by whether he had the right-of-way or not. But that is not the law even though some truck and bus drivers seem to think so,

and it would have been better for appellee had he done so. It is quite apparent that appellee reached the intersection first, in which case he had the right-of-way, and it was the duty of appellant's driver to yield the right-of-way to him, and the court so instructed the jury, in general language.

We think it would serve no useful purpose to pursue appellant's objections to said instruction further. We find no error, and the judgment is accordingly affirmed.