BROWN *v.* PARKER.

4-9240                                      233 S. W. 2d 64

Opinion delivered October 16, 1950.

*Bland, Kincannon & Bethell,* for appellant.

*Floyd E. Barham,* for appellee.

MINOR W. MILLWEE, Justice.   This is an appeal by plaintiff Aetna Ins. Co., representing by assignment the interest of plaintiff E. F. Brown, from a judgment for defendants in an action filed by Brown and Aetna against defendants Carl Parker and Mrs. Charles Brown.

The case arose out of a three-way street crossing collision which occurred at the intersection of Dodson Ave. and South 21st St. in Fort Smith.   Mrs. Charles Brown was driving westward on Dodson Ave., a through street, in a Pontiac car owned by her son Dale.   This car was insured by the Southwest Casualty Co.   E. F. Brown, Jr., not related to Mrs. Brown or her son Dale, was driv-

ing eastward on Dodson Ave. in his Chevrolet. His car was insured by Aetna. Carl Parker was driving northward in a 1936 Ford truck on South 21st St. There were stop signs on South 21st St. on both sides of Dodson Ave. The evidence conflicts as to whether Parker stopped at his stop sign, but at any rate, after he had either stopped or had almost stopped, he drove slowly into the intersection. There was conflicting evidence as to how fast Mrs. Brown was driving as she entered the intersection. She testified that she was going about 20 or 25 miles an hour while other witnesses estimated the speed at 30 to 45 miles an hour in a district where the speed limit is 25 miles per hour. All the evidence was to the effect that Parker was driving slowly, about five miles an hour. The front of Parker's truck struck the left rear of Mrs. Brown's Pontiac after they both came upon the intersection. Mrs. Brown then lost control of her car, which careened catercorner in a southwesterly direction across the intersection, striking E. F. Brown's car and doing considerable damage to both cars. The evidence does not indicate any negligence in E. F. Brown.

Two actions and one cross action were filed, and the cases were consolidated for purposes of trial.

In the action numbered 9860 below, the Southwest Casualty Co., insurer for Dale Brown, after paying for damage to the Pontiac and taking an assignment of Dale Brown's claim, sued Carl Parker on the theory that negligence on Parker's part caused the collision and resultant injuries. Parker denied any negligence in himself, and cross-complained against Mrs. Brown for damages allegedly suffered by him. In this action the jury found for the defendant Parker on both the complaint and cross-complaint. On the cross-complaint, the verdict was for Parker for $113.75. Judgment was entered accordingly, and there is no appeal in case 9860.

In the other action, numbered 9905 below, Aetna sued Carl Parker and Mrs. Brown, alleging negligence in both as the cause of damage to E. F. Brown's car for which Aetna, being liable under its insurance policy, had paid off and taken an assignment from E. F. Brown. In

this action the same jury returned a verdict for the defendants generally, and judgment was entered accordingly. Plaintiffs Aetna and E. F. Brown appeal.

The first argument for reversal is presented in the following language of the motion for new trial: "The verdict of the jury is inconsistent in that they rendered a verdict in favor of Carl Parker against Mrs. Charles Brown, which verdict could not be rendered unless they found that the said Mrs. Brown was guilty of some negligence, and since there was no evidence to the effect that E. F. Brown, Jr., was guilty of any negligence at all, then said verdict should not be permitted to stand as against the Aetna Insurance Company."

The answer to this argument must be that the law imposes no requirement of consistency upon jurors hearing separate cases which are consolidated for purposes of trial. If such separate cases were being tried separately, by different juries, there would be no assurance of consistency in the verdicts, and no greater assurance of consistency is insisted upon when one jury tries both cases together. As this Court said in *Leech* v. *Mo. Pac. RR. Co.*, 189 Ark. 161, 164, 71 S. W. 2d 467: "It does not follow, however, that because two separate and distinct causes of action are tried by the same jury the finding of facts in one cause is binding on the jury in the other cause of action if there is a dispute in the testimony. Although there was evidence tending to show concurrent negligence on the part of Graham and appellee and no negligence on the part of the deceased, yet there was evidence tending to show no negligence on the part of the appellee, and the jury was at liberty to so find in the cause of action on behalf of appellant for the benefit of herself and son, as much so as if the two causes of action had been tried separately instead of together. Notwithstanding the causes of action may be tried together under the provisions of the statute, they are wholly independent of each other, and the finding of the jury in one is not binding upon the jury in the other if the facts are in dispute, as they were in this case." To the same effect, see *Green* v. *West Memphis Lbr. Co.*, 192 Ark. 1177, 91 S. W. 2d 261.

The other argument for reversal has to do with defendant Parker's requested Instruction No. 12, given over plaintiff Aetna's objection. This instruction reads: "You are instructed that if you find and believe from the evidence in this case that Carl Parker entered the intersection of South 21st and Dodson before the car operated by Mrs. Charles Brown entered the intersection, then you are instructed that Parker was entitled to proceed through the intersection unmolested and this would be true, even though you might find that Parker failed to stop before entering Dodson Avenue. Notwithstanding the fact that Dodson Avenue is a through street, if Parker was in the intersection, then it was her duty to yield the right-of-way to Parker. If you find that she failed to yield the right-of-way to Parker when she was under a duty to do so, and that such failure on her part was negligence and that such negligence was the sole and proximate cause of the accident or accidents, then in that event you cannot return a verdict against Parker in this case."

The asserted vice in this instruction is that, as to Aetna's action against Parker, it tends to establish an absence of negligence on Parker's part, in proximately causing the collision, even though he entered the intersection without exercising proper care.

In a number of cases we have sustained the rule laid down in the quoted instruction. *Murray* v. *Jackson,* 180 Ark. 1144, 24 S. W. 2d 960; *Jacks* v. *Culpepper,* 183 Ark. 505, 37 S. W. 2d 94; *Halbrook* v. *Williams,* 185 Ark. 885, 50 S. W. 2d 243; *Livingston* v. *Baker,* 202 Ark. 1097, 155 S. W. 2d 340. In *Murray* v. *Jackson, supra,* this Court said, "In the absence of a statute or ordinance regulating the matter, it is the general rule that the vehicle entering an intersection of streets first is entitled to the right-of-way, and it is the duty of the driver of the other car to proceed with sufficient care to permit the exercise of such right without danger of collision." We then held in that case that the superior right of the driver first entering the intersection prevailed even when there was a city ordinance giving the right-of-way to the vehicle

entering the intersection from the right, the ordinance being deemed not applicable when the driver on the right was last to enter the intersection.

In *East* v. *Woodruff*, 209 Ark. 1046, 193 S. W. 2d 664, relied on by appellants, the collision occurred after the two vehicles left the intersection, and we held that an instruction like the one involved here, given at appellant's request, was more favorable to appellant than the particular facts in that case warranted. Though we have approved the controverted instruction in the cases cited, there clearly may be cases in which it would be improper. Thus there might be a case in which the car that first enters the intersection does so by dashing out rapidly in front of a car that is proceeding slowly and properly toward the intersection, so that the driver of the second car has no opportunity to guard against the dangers created by the first car which suddenly and unexpectedly looms up on the intersection before him. In that situation an instruction like defendant Parker's No. 12 would definitely be incorrect. See 2 Blashfield, Automobile Law and Practice, §§ 991, 994. No such facts appeared in any of the cases in which we have approved the statement of the law set forth in the instruction.

Nor do such facts appear in the present case. All the evidence introduced tended to show that Parker, who for purposes of this instruction is deemed to have entered the intersection first, drove onto it slowly, so that Mrs. Brown, driver of the other car, would have had opportunity to see him (regardless of whether she in fact did see him or not) in time to have brought her car, if driven with due care, under control without a collision. Under this state of the evidence, we cannot say that the instruction was erroneously given.

The judgment is affirmed.

George Rose Smith, J., dissents.