MILLER *v.* CURTIS.

5-2776                                              361 S. W. 2d 65

Opinion delivered October 15, 1962.

*Bailey & Trimble,* for appellant.

*William C. Gilliam,* for appellee.

GEORGE ROSE SMITH, J. This is a tort action by the appellee, as administrator, for the wrongful death of Harold Curtis, Sr. The jury returned a verdict in favor of the plaintiff for $25,000, specifying that the award was to compensate the decedent's widow for the loss of contributions from her husband. The appellant contends that the evidence does not establish any liability on his part, and, alternatively, that the court erred in its instructions to the jury.

On the afternoon of March 29, 1960, the appellant, Grady Miller, drove his station wagon from his home

in Little Rock to Hot Springs. The engine developed a knock on the trip, and Miller stopped to have it checked at the Wade Goin Ford Company's garage in Hot Springs. For the inspection the car was parked on the concrete floor of the garage, near the rear wall.

The decedent, a mechanic employed by Goin, tested the engine and determined that Miller could drive the vehicle to his summer cottage on Lake Hamilton and bring it back the next day for repairs. While the station wagon was being inspected a large truck backed into the garage and stopped in the wide entranceway, partly blocking Miller's exist.

At the decedent's direction Miller started his car and began to back slowly toward the entranceway, intending to go around the truck. Suddenly Miller's engine began to race at full speed, and the vehicle spun its wheels on the concrete and leaped backward toward the truck. Curtis was crushed between the two vehicles and suffered extensive and painful injuries to his face and chest, from which he died four days later.

The court was right in submitting the question of liability to the jury. The proof is that Miller's accelerator was out of order and would stick when depressed all the way to the floorboard. It would not stick in any other position, however, and it is shown to be mechanically impossible for the accelerator to go down to the floorboard without being pushed. Hence the jury would have been justified in finding that the tragedy was the result of Miller's having in some way depressed the accelerator all the way down to the floor, where it stuck. Even though Miller may not have known that the accelerator was not functioning properly it was still a question of fact whether Miller's conduct was negligent. The defendant's motion for a directed verdict was correctly denied.

The plaintiff's Instruction No. 5 was as follows: "You are instructed that it is the duty of the driver of any motor vehicle to keep his vehicle under such control as to be able to check the speed or stop it absolutely if

necessary to avoid injury and damage to others, where danger could reasonably be expected, or is apparent, and in this respect you are instructed that if you find from a preponderance of the evidence in this case that the defendant, Grady Miller, failed to keep his car under such control, and if his failure to do so was the proximate cause of the death of Harold E. Curtis, Sr., and if you find plaintiff's decedent, Harold E. Curtis, Sr., was not negligent, then you are instructed to find for the plaintiff.''

This instruction is similar to those approved in *Lockhart* v. *Ross,* 191 Ark. 743, 87 S. W. 2d 73, and *Livingston* v. *Baker,* 202 Ark. 1097, 155 S. W. 2d 340, but there is an important difference. In the case at bar the concluding language of the instruction told the jury that if Miller failed to keep his car under control and if that failure was the proximate cause of Curtis's death, then the plaintiff was entitled to recover. The instruction should have gone farther and required the jury to find, as a condition to the defendant's liability, that his failure to keep his car under control amounted to negligence. See *Floyd* v. *Johnson,* 193 Ark. 518, 100 S. W. 2d 975. In fact, the instruction as given was in effect a peremptory charge for the plaintiff, since the undisputed evidence shows that Miller did fail to keep his car under control and that this failure was the cause of Curtis's death.

The court also erred in giving the plaintiff's Instruction No. 7: ''You are instructed that if you find from the evidence that at the time and place of the occurrences in question plaintiff's decedent was a mechanic engaged in working in the building in which the accident occurred, then I instruct you no duty was imposed upon him to be constantly on the lookout for motor vehicles. It is not negligence as a matter of law for a workman to keep his mind on his work. A workman under such circumstances may properly assume that the motorist will not be guilty of running him down without warning.'' This instruction, in stating that various specific acts did not constitute negligence, invaded the province of the jury,

since the issue of negligence on the part of Curtis was a question of fact to be determined by the jury. *Bean* v. *Coffee,* 169 Ark. 1052, 277 S. W. 522.

The judgment must be reversed, and, since the verdict of the jury is an entity that we cannot fairly subdivide in this case, the cause will be remanded for a new trial upon all issues. *Oklahoma Gas & Elec. Co.* v. *Hofrichter,* 196 Ark. 1, 116 S. W. 2d 599; *Manzo* v. *Boulet,* 220 Ark. 106, 246 S. W. 2d 126.

Reversed.