The Honorable George Hopkins State Senator P.O. Box 622 Malvern, AR 72104
Dear Senator Hopkins:
You have requested an opinion regarding whose responsibility it is to fill one vacancy on a five-member school board when a tie vote occurs between the remaining members.
You also ask whether a 2-1 vote, out of an original five-member board would be sufficient to fill a vacancy.
Act 30 of 1935, codified as A.C.A. 6-13-611, provided:
(a) If a vacancy occurs on the school district's board of directors, the vacancy shall be filled by a majority vote of the remaining directors.
(b) If, as a result of several vacancies on the board, only a minority of the directors remain, or if the remaining directors fail to fill vacancies within thirty (30) days the vacancies shall be filled by appointment by the county judge.
However, Act 169 of 1931, 34, codified as A.C.A. 6-12-109(7), states that one of the powers and duties of the county board of education is to "appoint all school directors in all school districts where the authority to do so has heretofore been conferred on any county judge of any county." (Emphasis added).
The above quoted portion of the codified act comes directly from Act 169 of 1931. The power of appointment was not addressed by the legislature again until 1935 in Act 30.
The compiler of the Code has also codified Act 327 of 1941 and Act 436 of 1981 as A.C.A. 6-12-109. But, Section 11 of Act 327 of 1941, which is relevant to your request, is not codified at6-12-109; rather, the publishers' note refers to portions of Section 11.
Act 327 of 1941, a comprehensive act, created a new system of county boards of education. Section 11 of that Act begins as follows:
 [A]ll powers, duties, and the responsibilities respecting the public schools of the several counties which heretofore have been vested in the county courts . . . are hereby transferred to and vested in the respective county boards of education, except the canvassing of returns and certification of results of all school elections and the provisions of a suitable place for the storage and distribution of free textbooks shall continue to be vested in the county courts.
Specifically, those duties, among others, shall include the following: [list omitted]
 Filling vacancies on school boards is not listed as a transferred or retained duty of the county court. Also, Act 327 contains a specific repealer clause — Section 19 — which does not address Act 30 of 1935.
Some precepts of statutory construction as promulgated by the Arkansas Supreme Court, come into play in answering your question.
First, the legislature is presumed to know of existing law when it enacts a new law. Boone County Board of Education v. Taylor,185 Ark. 885, 50 S.W.2d 243 (1932); Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). Therefore, the Legislature presumptively knew of Act 30 of 1935 when it passed Act 347 of 1941.
Second, implied repeals are not favored in the law. It will be presumed that the Legislature did not intend repeal unless it is specifically so stated. Arkansas Day Care Assn., Inc., v. Clinton, 577 F. Supp., 388 (D.C. Ark. 1983); Davis v. Cox, 268 Ark. 78,593 S.W.2d 180 (1980). Where the Legislature takes up the whole subject matter anew and covers the entire ground of an old statute, a repeal may be accomplished. Berry v. Gordon, 237 Ark. 547,376 S.W.2d 279 (1964). Here, the Legislature did not take up the entire ground of duties to be transferred from the board of education to county courts, but was silent as to filling school board vacancies.
Third, specific language as utilized by the Legislature will govern general language on the same subject. Brown Root, Inc. v. Hempstead Co. Sand Gravel Inc., 767 F.2d 464 (8th Cir. 1985); Valley National Bank of Arizona v. Stroud, 289 Ark. 284,711 S.W.2d 785 (1986); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797
(1982). The language of Section 11 of Act 347 of 1941 is general compared to that of Act 30 of 1935.
Applying those principles to your questions, it is my opinion that Act 30 of 1935 is still viable and represents the latest specific pronouncement of the Legislature regarding who is to fill a vacancy on a school board if a tie vote occurs among an even number of remaining board members. Therefore, it is the responsibility of the county judge to fill the vacancy in the fact situation you pose.
As to your second question, A.C.A. 6-13-611(a) provides that the vacancy shall be filled by a "majority vote of the remaining directors." If four (4) members of the school board remain, it would, therefore, be necessary for three (3) out of the four (4) to vote for a candidate to fill the vacancy. For your information, a member who abstains still would be counted as being present; thus, any calculation of what constitutes a majority vote of remaining members would include the person abstaining. See, Opinion No. 87-273 attached.
The foregoing opinion, which I hereby approve was prepared by Solicitor General R.B. Friedlander.
Sincerely,
Steve Clark Attorney General