The Honorable Bob J. Watts State Representative Rt. 1, Box 125 Harrison, Ar 72601
Dear Representative Watts:
This is in response to your request for an opinion concerning the legality of a school district's salary payments to a school teacher who was in the National Guard or reserves and who was ordered to active duty. Your specific question in this regard is as follows:
 Can a School District legally continue to pay the salary of a teacher who is a member of the National Guard or Reserve and who is ordered to active duty in an amount equal to the difference between his teacher's salary and his military salary?
It is my opinion that the answer to this question is, in all likelihood, "no". There is no Arkansas case law or statutory authority directly on point. However, our review of the law pertaining to military leave generally, as well as pertinent constitutional provisions, compels us to conclude that such payment is probably not permitted under current law.
This office, in Opinion Number 88-099, addressed the question of a school district's payment of compensation to a teacher on leave for military training. It was concluded therein that school district employees were not included within the provision for military leave without loss of pay which extended to employees of certain state agencies. See A.C.A.21-4-201 et seq.; 21-4-212 (Supp. 1989). Act 724 of 1989 (A.C.A. 6-17-306 (Supp. 1989)), which was passed subsequent to the issuance of Opinion Number 88-099, now authorizes a fifteen (15) day leave of absence without loss of pay for all public school teachers and administrators who desire to take a leave of absence for "military training programs" and "civil defense and public health training programs made available by the United States Public Health Services." A.C.A. 6-17-306(a) (b) (Supp. 1989).
A review of this provision, and A.C.A. 21-4-212 (military leave for state agency employees), compels the conclusion that the "military training programs" and the other programs referenced in 6-17-306 (Supp. 1989) are distinguishable from active duty for purposes of obtaining leave without loss of pay. Both 6-17-306 (Supp. 1989) and 21-4-212(a) (Supp. 1989) grant leave without loss of pay for military training. Section 21-4-212(b) is addressed specifically, however, to military leave for employees who are "called to active duty" or who volunteer for military service. These persons are to be placed on "extended military leave without pay", and are granted certain reemployment rights.[1]
The legislature has thus, in the context of state agency employees (as defined in A.C.A. 21-4-203), enacted separate leave provisions in connection with military training and active duty. It may reasonably be presumed, in construing these provisions, that the legislature had this distinction in mind, or at least was aware of the distinction, when it enacted 6-17-306 (Supp. 1989), pertaining to military training leave of absence for public school teachers and administrators. See generally Boone County Board of Education v. Taylor, 185 Ark. 885, 50 S.W.2d 243 (1932). Provision could easily have been made for active duty leave without loss of pay had the legislature so intended.
It must therefore be concluded that there is currently no provision for compensating a school district teacher who has been called to active duty. The legality of a district continuing to pay such compensation must, in my opinion, also be questioned in light of the constitutional prohibition against the diversion of school funds. Although we have found no cases directly on point, the argument would be that the continued payment of a teacher's salary to one who is on active duty constitutes the use of school funds for other than school purposes, contrary to Ark. Const. Article14, Sections 2 and 3.
While the courts have given broad discretion to those charged with the maintenance of the schools (see Magnolia School Dist. No. 14 v. Arkansas State Bd. of Educ., 303 Ark. 666,799 S.W.2d 791 (1990)), it is clear that to withstand constitutional scrutiny, the use of school funds must result in benefit to those funds or property or must aid in the stated purposes for which the funds may be expended. See Rainwater v. Hays, 244 Ark. 1191, 428 S.W.2d 254 (1968). It may be successfully contended that the necessary benefit to public education is not present in a situation where a teacher is paid a continuing salary, notwithstanding his or her absence for some unknown time frame due to active military duty. See generally Magnolia School Dist. No. 14,303 Ark. at 671. This situation is arguably distinguishable from the paid leave of absence for military training, which is only allowed for a set, limited period of time. A.C.A. 6-17-306
(Supp. 1989).
In conclusion, it is my opinion that a school district's continued payment of a teacher's salary, or a portion thereof, when the teacher is called to active duty, would be constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Subsection (d) of 21-4-212 (Supp. 1989) requires a thirty (30) day leave with pay for covered state agency personnel who are called to duty in "emergency situations", as defined therein.