The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, Arkansas 72342-2813
Dear Representative Cunningham:
This is in response to your request for an opinion on the meaning of the words "accumulated contributions" as used in A.C.A. § 24-1-214(h). Specifically, you note that this statute allowed employees of the Rehabilitation Services Section of the Department of Human Services, beginning January 1, 1978, to transfer from the Teacher Retirement System to the Public Employees Retirement System and receive any contributions made to the Teachers Retirement System after January 1, 1978. The provision in question states:
 Any member of a named plan who elects in writing to become covered by the benefit provisions of this chapter shall be entitled to a refund of any accumulated contributions paid on or after January 1, 1978, and prior to the date of election.
Your question with regard to this section is as follows:
 As used in A.C.A. § 24-3-214(h), is a member of the Teacher Retirement System who transfers to the Public Retirement System under A.C.A. § 24-3-214 entitled to only the return of his member contributions made after December 31, 1977, or should he receive his contributions, plus any accrued interest?
It is my opinion, for several reasons, that the answer to this question is unclear under Arkansas law, and cannot be resolved definitively without legislative or judicial clarification.
The first problem in construing the provision above as to a Rehabilitation Services employee of DHS, who was a member of the Teacher Retirement System, is that the Teacher Retirement System is not a "named plan" under the language of the statute. Subsection (h), which you cite, mandates refunds of accumulated contributions for members of "named plans" who elect to be covered by the chapter. "Named plan" is defined at A.C.A. § 24-3-102 (3) (Cum. Supp. 1991), as "any retirement plan covering Arkansas public employees and named in § 24-3-214 (a)." Section 24-3-214(a) names the Arkansas Public Employees' Retirement System and the Arkansas State Police Retirement System. The Teacher Retirement System is thus not a "named plan" under A.C.A. § 24-3-214 (h), even though Rehabilitation Services employees of DHS, who were members of the Teachers System, were allowed to transfer under the provisions of the statute. It is arguable then, based upon a technical construction of (h), that this subsection does not apply at all to these employees.
The primary rule of statutory construction, however, is to ascertain and give effect to the legislative intent. Cozad v.State, 303 Ark. 137, 792 S.W.2d 606 (1990). It should be noted that these rehabilitation employees of DHS are the only members of the Teachers Retirement System allowed to make the transfer provided for under A.C.A. § 24-3-214. The statute primarily applies to members of "named plans." It thus may be that the legislative intent was to apply subsection (h) to these rehabilitation employees who were not members of a "named plan," even though it is not technically so provided in the statutes.
It has also been held, however, that if a statute is unambiguous, it must be given effect just as it reads, without resorting to construction or interpretation. Kansas City Southern Ry. Co. v.Pledger, 301 Ark. 564, 785 S.W.2d 462 (1990). There is at least a reasonable argument, therefore, that subsection (h) is not applicable to these rehabilitation employees.
If § 24-3-214(h) is not applicable, we must look to other provisions of the statutes to determine the amount of the required refund. In this regard, one provision of the Teacher Retirement law may have some applicability. Ark. Code Ann. §24-7-711(a) states that:
 Disposition of accumulated contributions upon membership termination.
 (a)(1) In the event a member ceases to be a member other than by death or retirement prior to satisfying the age and service requirement of either § 24-7-701
or § 24-7-702, he shall be paid, within six (6) months following the date his written application is filed with the board, his accumulated contributions standing to his credit in the members deposit account.
 (2) Any contributions remaining on deposit shall accrue interest at the end of each fiscal year as provided by § 24-7-401(d).
It appears that the statute above is applicable to the rehabilitation services employees in question here. They have ceased to become members of the Teacher Retirement System other than by death or retirement. As such, the statute requires a refund of the employee's "accumulated contributions." This phrase is defined in the Teacher Retirement law as meaning "the total of all amounts contributed by a member and standing to his credit in his individual account in the members deposit account, togetherwith regular interest credited thereon." A.C.A. § 24-7-202(18) (Cum. Supp. 1991). [Emphasis added.]
Even if it were found that A.C.A. § 24-3-214(h) is applicable to rehabilitation services employees transferring from the Teachers' Retirement System, the statute set out above, (the Teacher Retirement provision), and subsection (h) would be reconciled so as to make their provisions harmonious. Arkansas Vinegar Co. v.Ashby, 294 Ark. 412, 743 S.W.2d 798 (1988) and Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). Additionally, in construing legislative enactments, it is presumed that the legislature had knowledge of existing statutes and that reference was made thereto in its consideration of any subject matters embraced in prior acts. The legislature is presumed to intend for the provisions of later acts to be read in light of provisions of the former relating to the same subject. Town of Benton v. Willis,76 Ark. 443, 88 S.W. 1000 (1905); Hopper v. Fagan,151 Ark. 428, 236 S.W. 820 (1922); Boone County Board of Education v.Taylor, 185 Ark. 885, 50 S.W.2d 243 (1932); and Bolden v.Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Finally, it has been held that where an act does not specifically address an issue, and its interpretation is in doubt, express language and legislative construction of other statutes employing similar language and applying to similar persons or things may control by force of analogy. Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969).
You note that the phrase "accumulated contributions" appearing in subsection (h) is not defined in the subchapter in which it appears. The Teachers Retirement System has historically paid only the accumulated contributions, without any interest. This phrase is, however, defined at five other places in the Code as including some form of interest. A.C.A. § 24-4-101 (18) (Cum. Supp. 1991), (Arkansas Public Retirement System); A.C.A. §24-5-108 (8), (State Highway Employees Retirement); A.C.A. §24-6-201(13), (State Police Retirement); A.C.A. § 24-7-202 (18) (Cum. Supp. 1991), (Teacher Retirement System); and A.C.A. §24-10-102 (30) (Local Police and Fire Retirement System).
It appears, therefore, that whether subsection (h) is deemed applicable to these employees or not, under the rules of statutory construction set out above, and the relevant statutes, the phrase "accumulated contributions" would include an interest factor as regards these employees.
The longstanding interpretation, however, by the Teachers' Retirement System and the Arkansas Public Employees' Retirement System, that subsection (h) does not require the payment of interest, must be accorded some weight. In this regard, it has been held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong, especially where the agency's construction has been observed and acted upon for a long period of time. Pledgerv. Boyd, 304 Ark. 91, 799 S.W.2d 807 (1990). It is my understanding that the Teacher Retirement System, as well as the Arkansas Public Retirement System have, since the statute was enacted in 1977, always construed subsection (h) of A.C.A. § 24-3-214 as not requiring the payment of interest. This judgment will not be overturned unless clearly wrong.
In my opinion, the arguments and provisions of law cited above form a basis for concluding that the agency interpretation is erroneous. I cannot say, as a legal matter, however, that it is "clearly wrong." This is an issue that must ultimately be decided by a court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General