## C. G. JOHNSON AND OTHERS v. FARMERS & MERCHANTS STATE BANK OF WATERTOWN, MINNESOTA, AND ANOTHER.[1]

June 30, 1922.

No. 22,910.

Joint adventure by bank and its directors—proceeds of sale of land to be shared by tenants in common.

1. Plaintiffs, directors of the defendant bank, entered into an arrangement with the bank in accordance with which they, as individuals, contributed $5,000 and the bank $6,800 for the purchase of a farm valued at $11,800. The bank held title to the real estate in trust for the purpose of the adventure, and the proceeds of the sale of the farm were to be divided between the parties in proportion to the amounts contributed. *Held* that the adventure was a joint enterprise, that the contributing parties are tenants in common with the bank, and that they are entitled to share in the proceeds of the sale of the land.

Admission of evidence—decision sustained.

2. The proofs fully sustain the findings of the trial court and there was no prejudicial error in the rulings on the admissibility of testimony.

Action in the district court for Wright county to adjudge plaintiffs and the Farmers & Merchants State Bank of Watertown to be

[1]Reported in 189 N. W. 583.

owners as tenants in common of certain lands and to determine their respective interests. The case was tried before Giddings, J., who made findings and as conclusion of law found that plaintiffs and defendant bank were owner as tenants in common of the premises in question and that their respective interests were in proportion to the amounts paid therefor. From an order denying their motion for amended findings and conclusions or for a new trial, defendants appealed. Affirmed.

*Morphy, Bradford & Cummins,* for appellants.

*W. C. & W. F. Odell,* for respondents.

QUINN, J.

Defendant bank owned a business block in the village of Watertown, valued at $5,000. William P. Noreen owned a farm of 100 acres in Wright county valued at $11,800. Negotiations were had between the bank and Noreen which, in January, 1918, culminated in an agreement whereby the bank was to convey the block to Noreen and pay him in addition thereto the sum of $6,800 in exchange for the farm. It is alleged in the complaint and the trial court found that the bank, in order to carry out the arrangement with Noreen and at the same time not to overload with real estate, entered into an agreement with plaintiffs that, if they would contribute the sum of $5,000 to the deal, the bank would convey the block to Noreen and also pay him $1,800 in exchange for the farm, the title thereto to be taken and retained in the bank until such time as the farm might be sold, and that upon such sale the proceeds therefrom should be divided in proportion to the amounts contributed by the bank and the plaintiffs respectively. Accordingly the bank conveyed the block to Noreen and paid him $1,800 in currency and plaintiffs executed their promissory note for $5,000 to the bank. The proceeds thereof were paid to Noreen and the farm conveyed to the bank. At the time plaintiffs with two other persons constituted the board of directors of the bank and had control of its affairs. The answer admits that plaintiffs delivered to the bank the sum of $5,000 which was used in part payment for the farm, but alleges that the farm

was obtained solely for the benefit of the bank and that plaintiffs are estopped from claiming to be tenants in common therein with the bank. The action was tried to the court without a jury, findings made and an order filed for judgment in favor of the plaintiffs. From an order denying their motion for amended findings and conclusions or for a new trial, defendants appeal.

By this action plaintiffs ask to be adjudged owners as tenants in common with the bank, of the farm referred to in the complaint. The plaintiffs were, at the time of the transactions referred to in the complaint, officers and directors of the bank. The defendant bank was duly organized under the banking laws of the state and was engaged in doing a general banking business. The defendant F. E. Pearson was, at the times in question, the duly appointed, qualified and acting superintendent of banks in the state of Minnesota. In February, 1919, Pearson, as superintendent of banks, took charge of the affairs of the defendant bank because of its insolvency, and has since had charge of the same.

As we understand, there is no contention but that the plaintiffs, in all they did with reference to the matters relating to the land in question, acted in good faith. Before consummating the deal for the farm they consulted the superintendent of banks and followed his advice so far as it went in bringing about the exchange of the block for the farm. The village block was carried upon the books of the bank for $5,000, the interest in the farm for $6,800. The note given by plaintiffs was renewed but finally paid. The court found, and the testimony sustains the finding, that plaintiffs gave the note with the understanding that when the farm was sold the proceeds were to be paid to the parties to the enterprise according to the amount each had contributed, including rents, profits and expenses.

Real estate belonging to joint adventurers, whether the title is in one or more of the parties, is impressed with a trust for the benefit of all. The terms and intent of the parties must control. While a joint venture is not identical with a partnership, it is so similar in its nature that the rights of the parties thereto are governed by practically the same rules. Irvine v. Campbell, 121 Minn. 192, 141

N. W. 108, Ann. Cas. 1914C, 689; Senneff v. Healy, 155 Iowa, 82, 135 N. W. 27, 39 L. R. A. (N. S.) 219; Lind v. Webber, 36 Nev. 623, 134 Pac. 461, 135 Pac. 139, 141 Pac. 458, 50 L. R. A. (N. S.) note p. 1046, Ann. Cas. 1916A, 1202; 15 R. C. L. 501. As a general rule joint adventure relates to a single transaction. See note 115 Am. St. 407. So in the case at bar. While there was a conflict in the testimony bearing upon the intent of the parties to the transaction, there was ample proof to sustain the findings of the trial court. We discover no reversible error in the rulings upon the admissibility of evidence.

Affirmed.