Merrimack,
Feb. 4, 1930.

JANE GRAVES *v.* BOSTON & MAINE RAILROAD.
C. P. ROCKWELL, INC. *v.* SAME.
HELEN RAMAMOVITCH *v.* SAME.
CATHERINE KZYKONKA *v.* SAME.

*John M. Stark* and *David F. Dudley* (*Mr. Dudley* orally), for the plaintiffs.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Willoughby A. Colby* orally), for the defendant.

MARBLE, J. 1. Since the statement offered by the defendant did not revive the witness' memory, it was admissible, if properly verified by him, as a record of past knowledge. The use of such records "now occupies a firm and unassailable place in our practice and doctrine." 2 Wig., Ev. (2d *ed.*), s. 736.

The rule is that a memorandum of this nature may be received in evidence if the witness, upon examination of the document, cannot remember all the material matters recorded, but is able to assert that it truthfully represented his knowledge at the time. The testimony of the witness in the present case, coupled with the defendant's offer of proof, embodied all the requirements of the rule. See *Haven* v. *Wendell*, 11 N. H. 112; *Hall* v. *Ray*, 18 N. H. 126, 129; *Seavy* v. *Dearborn*, 19 N. H. 351, 357, 358; *Watson* v. *Walker*, 23 N. H. 471, 495; *Bowman* v. *Sanborn*, 25 N. H. 87, 107; *Heath* v. *West*, 26 N. H. 191, 198; *Webster* v. *Clark*, 30 N. H. 245, 253, 254; *Pillsbury* v. *Locke*, 33 N. H. 96, 103; *Currier* v. *Railroad*, 34 N. H. 498, 508; *Pembroke* v. *Allenstown*, 41 N. H. 365, 369; *Whitehouse* v. *Hanson*, 42 N. H. 9, 25; *Robinson* v. *Gilman*, 43 N. H. 295, 297; *State* v. *Shinborn*, 46 N. H. 497, 504; *Kelsea* v. *Fletcher*, 48 N. H. 282; *Watts* v. *Sawyer*, 55 N. H. 38, 40, 41; *Pinkham* v. *Benton*, 62 N. H. 687, 690; *Richardson* v. *Railroad*, 80 N. H. 370, 372.

The plaintiffs rely upon the case of *Dunklee* v. *Prior*, 80 N. H. 270, and contend that the court, in rejecting the statement, must have found that the witness was merely undertaking to tell the claims agent "some narrative which had been told to him by some one else." There is nothing in the transferred case to warrant such a conclusion. The presiding justice did not profess to decide any preliminary question of fact, but ruled that the statement, though true when given, was inadmissible as a matter of law. Manifestly this ruling constituted reversible error.

2. Although the defendant took the deposition of John Ramamovitch, the plaintiffs were entitled to use it. *Taylor* v. *Thomas*, 77 N. H. 410. Such use was subject, however, to all proper objections and exceptions to the evidence therein contained, even to that which had been elicited by the defendant. 4 Jones, Ev. (2d ed.), 3766, 3767; *Hatch* v. *Brown*, 63 Me. 410; *In re Smith*, 34 Minn. 436, 439; *Maldaner* v. *Smith*, 102 Wis. 30, 40.

On all the evidence the jury might well have returned a verdict in favor of the defendant, believing that Ramamovitch was responsible for the accident and leaving the plaintiffs free to bring suit against him if they chose. The testimony objected to was an appeal to the sympathy and prejudice of the jurors, asking them in effect to find the railroad liable because Ramamovitch did not carry liability insurance. *Piechuck* v. *Magusiak*, 82 N. H. 429. The exception is sustained.

*New trial.*

All concurred.