DERRICK ET AL. *v.* ROCK ET AL.

4-9362                                    236 S. W. 2d 726

Opinion delivered February 12, 1951.

Rehearing denied March 19, 1951.

*Grubbs & Grubbs,* for appellants.

*Ed Trice, John F. Gibson* and *Thomas L. Cashion,* for appellees.

GEORGE ROSE SMITH, J.  This appeal involves two cases consolidated for trial below.  Both arise out of an automobile collision that occurred at about eleven o'clock on the night of June 13, 1949.  There was evidence from which the jury might have found the facts to be these: Appellant Derrick is an employee of appellant, Dorothy V. Flowers, who owns a bottling plant at Eudora.  On the night of the collision Derrick was returning from a business trip to Mississippi, driving a sedan owned by Mrs. Flowers.  Derrick's wife was seated beside him, and appellee, L. W. Tindall, and his wife were riding in the back seat.  At a point on the highway about six miles north of Eudora the group noticed that a house to their left had just burned and was still a smoldering bed of coals.  Derrick slowed the car either to a complete stop or to such a reduced speed that it was barely moving.  He also turned off his lights.  Mr. and Mrs. Edward Rock, appellees, had been traveling some distance behind the Flowers car at about forty-five miles an hour.  Rock rounded a curve and did not see the unlighted vehicle until it was too late to avoid a collision.  He attempted to swerve to his left around the Flowers sedan but could not do so, his car striking the left rear side of the sedan.

In the first suit Mr. and Mrs. Rock sued Derrick and Mrs. Flowers for personal injuries and property damage and recovered judgments for $800 and $2,000 respec-

tively. Both defendants appeal from these judgments. In the second suit Tindall, a passenger in the Flowers car, sued Rock and Mrs. Flowers for personal injuries. He received a verdict for $20,800 against Mrs. Flowers alone, and she appeals.

The appellants urge six grounds for reversal, but only four need be discussed. First, it is argued that the appellants were entitled to directed verdicts in their favor. In making this contention the appellants treat the two cases independently and argue that the evidence adduced by the Rocks in their case was not sufficient to go to the jury and that the evidence offered by Tindall was likewise insufficient to make a *prima facie* case. But the cases cannot be viewed separately. They were consolidated for trial, all the evidence being submitted to a single jury. After the Rocks had rested their case Tindall presented his witnesses. The jury were entitled to consider all the evidence in arriving at their verdict in each case. The opposite rule would mean that if Tindall intended to rely on testimony already given by the Rocks he would have had to recall them for a repetition of testimony already heard by the jury. Such duplication would defeat the economy of presentation that is the main reason for consolidated trials. When the evidence is viewed as a whole the jury could have found that the accident happened as we have stated, and on those facts the appellants were not entitled to directed verdicts.

Second, it is contended that Rock was guilty of contributory negligence as a matter of law. The argument is that Rock should have seen the unlighted Flowers car in time to avoid hitting it. It is true that the highway was perfectly straight for at least 500 feet before the point of collision and that Rock's view was unobstructed. Even so, the appellants' contention would mean that one who stops his car in the dark on a straight highway can never be liable to the driver of a following vehicle, since the latter would be negligent in failing to see the stationary car. That is not the law. One who drives at night too rapidly to stop within the range of his own headlights is not negligent as a matter of law; the issue

is one of fact for the jury. *Coca-Cola Bottling Co.* v. *Shipp,* 174 Ark. 130, 297 S. W. 856.

Third, it is insisted that Tindall was a guest of the Derricks and therefore cannot recover by showing that his host was guilty of mere negligence. Ark. Stats., 1947, §§ 75-913 and 75-915. Again a question of fact was presented. Tindall testified that Derrick had talked to him about taking a job at the bottling plant. According to Tindall, Derrick had mentioned the matter to Mr. Flowers, who wanted to interview Tindall. Tindall was already employed, but he agreed to go with the Derricks to discuss the proposed job with Flowers. Flowers himself admitted that he met Tindall in Mississippi on the evening in question and talked to him about a position that had been vacant for several months. Flowers denied that he had requested Derrick to bring Tindall over for an interview. From this testimony the jury were justified in concluding that Tindall's presence was mutually beneficial to himself and Mrs. Flowers and that he was not a mere guest. *Arkansas Valley, etc., Co.* v. *Elkins,* 200 Ark. 883, 141 S. W. 2d 538.

Fourth, error is assigned in the admission of testimony to the effect that Rock had no liability insurance. A detailed statement of the manner in which this testimony entered the record is necessary. Tindall had a policy of hospitalization insurance that provided certain benefits if he should be injured while riding in a private conveyance. After the accident an adjustor for the insurer visited Mrs. Tindall to find out whether the claim was covered by the policy. During the interview the adjustor wrote out a statement that he intended for her to sign, though in fact her signature was never requested. This statement described the manner in which the collision happened and also contained this sentence: "Mr. Rock told me that he did not have any insurance on his car to take care of our damages."

Mrs. Tindall's testimony at the trial was somewhat at variance with the statement jotted down by the adjustor. Mrs. Flowers' attorney laid a foundation for impeachment by asking Mrs. Tindall whether she had

made the statements (omitting the sentence we have quoted) that were contained in the adjustor's memorandum. Mrs. Tindall denied having made them.

Later on the adjustor was called by Mrs. Flowers to show that Mrs. Tindall's earlier version of the accident differed from her testimony at the trial. The memorandum, except for the quoted sentence, was read to the adjustor, who said that Mrs. Tindall had made the statements attributed to her.

On cross-examination Tindall's attorney then attempted to present the omitted sentence to the jury. In chambers the judge ruled that the sentence was admissible only if the adjustor testified that the entire memorandum had been read; in that case he could be impeached by cross-examination as to the omitted sentence. Tindall's attorney then asked the adjustor whether the entire memorandum had been read, and the witness replied that it had not been. Tindall's attorney, in obedience to the court's ruling, pursued the matter no further.

Rock's attorney, however, continued to press the point and insisted that the entire statement should be put in evidence. The court finally permitted this to be done, instructing the jury that the sentence in controversy had nothing to do with the case of *Tindall* v. *Flowers* but that it might be considered in the Rocks' case as a matter bearing on the adjustor's credibility.

It is settled that when the matter of insurance coverage is unnecessarily and gratuitously injected into the trial the effect may be so prejudicial that a mistrial should be declared. *Ward* v. *Haralson,* 196 Ark. 785, 120 S. W. 2d 322. And where, as here, there are two or more defendants it is improper to show that one of them is not protected by insurance. *Brown* v. *Murphy Transfer & Storage Co.,* 190 Minn. 81, 251 N. W. 5; *Graves* v. *Boston & M. R. R.,* 84 N. H. 225, 149 A. 70; *Rojas* v. *Vuocolo,* 142 Tex. 152, 177 S. W. 2d 962.

Various arguments are made to support the admission of this evidence. It is said that the appellants invited the error by using the memorandum in the first

place. But the answer is that they did not offer the writing in evidence; it was used merely as a means of refreshing the adjustor's memory. It is also argued that since part of the memorandum had been read the appellees were entitled to introduce the rest. As a general rule this is true, but the reason is that the full import of a statement may not be clear unless the context is considered. The context is, therefore, admissible to the extent that it is relevant and explanatory of what has gone before. Wigmore on Evidence, § 2113. Here the reference to insurance was not relevant to the case or explanatory of Mrs. Tindall's description of the accident as recorded by the adjustor. Nor can we see how the introduction of this testimony had any bearing upon the adjustor's credibility. He had stated that the memorandum had not been read in its entirety. If anything the introduction of the omitted sentence tended to confirm his veracity rather than to impair it.

Was the error prejudicial? As between the Rocks and the appellants there can be no doubt that it was. The question of Derrick's negligence was sharply disputed. Both the Derricks, and Mrs. Tindall as well, denied that he turned off his lights when he slowed down. The issue could easily have been decided either way. Rock was a young man of twenty-three, employed as a government clerk. Mrs. Flowers was apparently a woman of considerable means. She had filed a counterclaim against Rock for the damage to her car. In view of all these facts it is not possible to be sure that young Rock's lack of insurance protection did not directly influence the jury. The same considerations apply to the verdict in favor of Mrs. Rock, since a finding in favor of her husband would naturally and logically indicate a similar decision in her case.

In Tindall's case the question is more difficult. The improper evidence was introduced not by Tindall but by the Rocks. This, however, is not enough to shield Tindall from the effects of the error. We have already seen that consolidated cases must be viewed as a whole, that each plaintiff may claim the benefit of testimony introduced

by the others. It is a necessary corollary that each also risks the possibility of error being brought into the record by his co-plaintiffs. Tindall cannot rely on the Rocks to help him make his case and at the same time disclaim responsibility for errors that occurred in the process.

Granted that Tindall is chargeable with the error, there is still no ground for reversal unless the incompetent testimony prejudicially affected the issues between him and Mrs. Flowers. We have suffered great anxiety in the study of this question, but there is no theory by which we can conscientiously say that the error was harmless in Tindall's case. Tindall had sued both Rock and Mrs. Flowers. The jury found that he was not a guest and was free from contributory negligence. He was therefore entitled, under any theory of the case, to recover either from Rock or from Mrs. Flowers. The jury had to make exactly the same choice in the Tindall case as in the Rock case—between imposing liability upon a young man of modest means, without insurance protection, or upon a woman having substantial property holdings. No one can say that the jurors' minds were indifferent to Rock's lack of insurance. Further, the verdict in favor of Rock absolved him of contributory negligence in the slightest degree. The jury would have had to contradict itself to find that Rock was liable to Tindall. We realize that inconsistent verdicts are legally possible in a consolidated trial, but that abstract rule does not compel one to assume that neither verdict is ever influenced by the other.

Reversed and remanded for a new trial.

ED. F. McFADDIN, Justice (Dissenting). I agree with the majority in its holding that the judgment should be reversed in the case of *Rock* v. *Flowers,* on the ground that Rock insisted on bringing the insurance matter into the case. But I respectfully dissent from so much of the majority holding as reverses the judgment obtained by Tindall against Flowers. This dissent is for several reasons: Tindall did not commit the error that brought the insurance angle in the case; the Court told the jury *not* to consider the insurance matter in the Tindall case; and

we have repeatedly held that cautionary instructions will cure prejudicial statements regarding the matter of insurance.

The majority opinion says, as regards the insurance angle:

"Tindall's attorney, in obedience to the court's ruling, pursued the matter no further.

"Rock's attorney, however, continued to press the point and insisted that the entire statement should be put in evidence. The court finally permitted this to be done, instructing the jury that the sentence in controversy had nothing to do with the case of *Tindall* v. *Flowers* but that it might be considered in the Rocks' case as a matter bearing on the adjustor's credibility."

It will be observed that Tindall's attorney did not bring the insurance angle in the case; and when Rock's attorney insisted on developing the insurance matter, the Court ruled:

"By the Court: The statement has been offered by the defendant, Mrs. Flowers, and the other defendant and seeks to withhold part of the same as a complete statement of the witness, Mrs. Tindall, and the Court is holding that it has nothing in the world to do with the case of *Tindall* v. *Flowers,* . . ."

Then the Court instructed the jury:

"By the Court: Gentlemen of the jury, the question and answer that is now about to be propounded to the witness will be completely disregarded by you as any evidence between the plaintiff, Tindall, and the defendants, Flowers and Mr. Derrick. You may only consider them for the purpose of discrediting or impeaching this witness in the case of *Rock* v. *Mrs. Flowers* and so forth. You can and will do that."

Thus, the Court specifically told the jury that anything about the insurance was not to be considered in the case of *Tindall* v. *Flowers;* and the limiting by the trial court, of the effect of the evidence in a consolidated

case,[1] has heretofore been upheld. In *Murray* v. *Jackson,* 180 Ark. 1144, 24 S. W. 2d 960, there was evidence admissible in favor of one party and inadmissible in favor of the other; and the Court limited the effect of the evidence. A husband (Mr. Mitchell) sued a defendant for damages to a car, and an occupant (Mrs. Jackson) sued the same defendant for her personal injuries. The wife (Mrs. Mitchell) testified as to Mrs. Jackson's injuries. It was claimed that Mrs. Mitchell's testimony, being inadmissible in the suit brought by Mr. Mitchell, should not be allowed to support Mrs. Jackson's case. The trial court told the jury that Mrs. Mitchell's testimony "could only be considered by it as to the claim of Mrs. Jackson, and could not be considered as to the claim of" Mr. Mitchell. We held that the limiting by the trial judge of the effect of the evidence took Mrs. Mitchell's testimony away from Mr. Mitchell's case, and saved Mrs. Jackson's case from error. I submit that the language of the trial judge in the case at bar took the incompetent testimony away from Mr. Tindall's case and saved it from error.

Furthermore, we have repeatedly held that any error in bringing the insurance angle into a case can be cured by cautionary instructions of the Court. In *Neely* v. *Goldberg,* 195 Ark. 790, 114 S. W. 2d 455, Mr. Justice Donham discussed this question at length and made reference to Annotations in American Law Reports.[2] Likewise, in *Malco Theatres* v. *McLain,* 196 Ark. 188, 117 S. W. 2d 45, the same question was again discussed. I respectfully submit that the majority opinion is against the holding in these cases.

The majority opinion says:

"Granted that Tindall is chargeable with the error, there is still no ground for reversal unless the incompetent testimony prejudicially affected the issues between him and Mrs. Flowers."

---

[1] Our Statutes authorize the consolidation of two cases, just as was done here. See §§ 27-1304, *et seq.,* Ark. Stats.

[2] In 4 A. L. R. (2d) 821 there is a recent Annotation on the point.

Tindall committed no error in the trial of the case; and this Court should not charge him with an error. Neither can the majority say that the incompetent testimony prejudicially affected the issues between Tindall and Mrs. Flowers, except by (a) the refusal to give any effect to the cautionary instructions of the Court, as previously copied; and (b) the speculation in which the majority indulges. Tindall is being forced to try his case again, when his attorney has committed no error and the Court gave the jury the cautionary instructions which we have repeatedly approved. So as to Tindall, I respectfully submit that the judgment should be affirmed.

Justices MILLWEE and ROBINSON join in this dissent.