LOUIS ALTMAN v. PHILIP ALTMAN AND OTHERS.[1]

May 11, 1951.

No. 35,478.

[1]Reported in 47 N. W. (2d) 870.

W. A. *Pittenger* and *Edward W. Peterson,* for appellant.

*Fryberger, Fulton & Boyle,* for Bessie Altman, respondent.

KNUTSON, JUSTICE.

Appeal from an order sustaining a demurrer to plaintiff's amended complaint.

The following allegations of the complaint must be taken to be true, by virtue of the demurrer, for the purposes of this decision.

Defendant Philip Altman is the brother of plaintiff; defendant Bessie Altman is the wife of Philip; and defendant Anita Altman is the daughter of Philip and Bessie.

Over a period of time, plaintiff purchased certain United States savings bonds, which he caused to be registered in the joint name of himself and Anita Altman, with the object in mind that such bonds would become the property of Anita if he should die before they were cashed. The bonds were left with Philip Altman for safe-keeping. Without authority from plaintiff, Philip delivered some of these bonds to Anita, who cashed them, and, with the proceeds from the sale thereof, purchased new bonds and securities jointly in her name and that of her mother, Bessie Altman. By way of relief, plaintiff asks to be adjudged to be the owner of the bonds which have not been sold; that defendants be compelled to deliver them to him; that a constructive trust be impressed upon the proceeds of the bonds which have been sold; and for such other and further relief as may be just and equitable.

Philip Altman and Anita Altman have interposed answers. Bessie Altman demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against her. Her demurrer was sustained, and this appeal followed.

It is the contention of Bessie Altman that, inasmuch as the complaint fails to state that she has any bonds in her possession or has any knowledge of bonds purchased in her name by her daughter, no

cause of action is stated against her. We cannot agree with this contention.

In American Railway Express Co. v. Houle, 169 Minn. 209, 210 N. W. 889, the same contentions were advanced. In that case, embezzled funds were used in the construction of a dwelling on land owned by the embezzler and his wife and claimed by them as their homestead. In an action brought to recover a personal judgment against the husband in the amount embezzled and asking by way of further relief that the defendants, including the wife, hold title to the land and improvements thereon in trust for plaintiff, it was contended that the wife's interest in the homestead could not be reached, since she had done no wrong and had no knowledge that the homestead was paid for with polluted funds. In rejecting that contention, we said (169 Minn. 213, 210 N. W. 890):

"The rule is well established that, where a constructive trust of embezzled funds comes into being for the protection of an injured party, it is not cut off by any transfer of the property or of other property substituted therefor until such property reaches the hands of a bona fide purchaser for value."

There is, and can be, no claim that Bessie Altman is a bona fide purchaser for value under the allegations of this complaint, which are admitted to be true. The rule stated in the above case is applicable here.[2] It would be a strange rule of law to hold that a court of equity could not compel a person, however innocent of any wrongdoing, to disgorge property, placed in her name without knowledge on her part, upon which the court had impressed a constructive trust. To hold that a wrongdoer could purchase property in the name of another and, merely by withholding knowledge of such purchase from the one in whose name it is placed, thereby place the property beyond the reach of a court of equity would lead to an absurd result. If Bessie Altman disclaims any interest in the bonds placed in her name, all she has to do is to say so and offer to abide

[2]See, also, Blumberg v. Taggart, 213 Minn. 39, 5 N. W. (2d) 388; Vorlander v. Keyes (8 Cir.) 1 F. (2d) 67.

by the order of the court when the case is finally determined and the rights of ownership are litigated.

Reversed.

