IVAN A. ANDERSON v. LESTER ENFIELD AND ANOTHER.
MINNEAPOLIS STREET RAILWAY COMPANY,
APPELLANT.[1]

May 6, 1955.

No. 36,417.

---

[1]Reported in 70 N. W. (2d) 409.

*Frank X. Cronan,* for appellant.
*Ryan, Kain & Mikan,* for plaintiff-respondent.

THOMAS GALLAGHER, JUSTICE.

Action for injuries sustained by plaintiff while a passenger on a bus owned by defendant Minneapolis Street Railway Company as the result of a collision between the bus and a car owned and driven

by defendant Lester Enfield, at the intersection of Broadway and Washington avenue north in Minneapolis. The jury returned a verdict in plaintiff's favor against both defendants. Defendant Minneapolis Street Railway Company, hereinafter referred to as the street railway company, appeals from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Enfield did not appeal.

On appeal and as a basis for its motion for a new trial, the street railway company contends that (1) there is no evidence that any negligence on its part was the proximate cause of the accident; (2) the court erred in permitting plaintiff to amend his complaint the day of trial; and (3) the court erred in denying defendant street railway company's motion for mistrial following statements of defendant Enfield, brought out upon his cross-examination by plaintiff's counsel and received over objection, that he carried no liability insurance at the time of the accident.

The facts are as follows: On August 23, 1951, at about 8 p. m., plaintiff was seated in a bus of defendant street railway company which was proceeding north on Washington avenue north. As it approached Broadway, which intersects Washington avenue north, the bus driver prepared to make a passenger stop in the safety zone and thereafter to make a left turn onto Broadway. In doing so, he drove near the center of Washington avenue north, and there is substantial evidence that, while proceeding to stop, he drove his bus over beyond the center line of the street and into the left or west lane thereof. At that time, defendant Enfield, driving his car approaching Washington avenue north from the west, turned to his right onto Washington to go south thereon. In so turning, his car collided with the bus, then moving slowly in its left lane as above described, striking it near its left front wheel. In consequence, plaintiff was thrown from his seat in the bus and sustained injuries for which this action was commenced. There is evidence that would indicate that Enfield was under the influence of intoxicants at the time of the collision.

■ Defendant street railway company argues that, even if it be conceded that there is sufficient evidence to sustain a finding that it

was in the west or left lane of Washington avenue north at the time, this fact alone could not possibly have been the proximate cause of the accident; and that Enfield's actions in driving his car into the bus clearly establishes that his conduct was the sole cause thereof. M. S. A. 169.19, subd. 1(2), requires the driver of a vehicle in approaching an intersection for a left turn to drive in that portion of the right half of the roadway nearest the center line thereof. Section 169.18, subd. 1, requires that all vehicles shall be driven upon the right half of the roadway with certain exceptions not applicable here. Section 169.96 makes violation of these enactments prima facie evidence of negligence. Here the jury's finding of negligence on the part of the street railway company can scarcely be challenged. There is ample evidence to sustain a finding that at the time of the accident the bus was traveling slowly to the left of the center line of Washington avenue north. Since this would constitute a violation of the statutes cited, and the street railway company submitted nothing in evidence to show a justification or need for the course followed, the jury's verdict on this issue must be sustained. Stedman v. Norlin, 243 Minn. 389, 68 N. W. (2d) 393; Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822.

■ Whether such negligence was the proximate cause of the collision, we believe was also a matter for the jury's consideration. It can well be argued that the illegal position of the bus was the very factor that brought the two cars in contact; and that, had it been farther to the right, Enfield might have avoided it altogether or at least come in contact with it at some less vulnerable point where the results of the impact would not have been imposed upon plaintiff. We have frequently held that like statutory violations have made the issue of proximate cause one of fact. Howard v. Marchildon, 228 Minn. 539, 37 N. W. (2d) 833; Spencer v. Johnson, 203 Minn. 402, 281 N. W. 879; Roach v. Roth, 156 Minn. 107, 194 N. W. 322; Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992. Under the general principles applicable and the facts outlined it cannot be said as a matter of law that the position of the bus at the time of the accident bore no causal relationship thereto.

■ Just prior to the opening of trial, over objection, the court granted plaintiff's motion to amend his complaint. The amendment included allegations that the street railway company's bus had failed to keep to the right of the center line of Washington avenue north at the time of the accident; that the street railway company had failed to keep the streets and street railway tracks in repair at the intersection described; and that its negligence in such respects was the proximate cause of plaintiff's injuries. The street railway company objected to the amendment on the ground that it could not adequately defend against the new allegations at that late date; that in particular it was impossible to then obtain photographs of the streets and tracks at the intersections or to have them inspected to determine their condition as of the date of the accident. The court in its memorandum stated that it would have granted a continuance if the street railway company had indicated that a continuance would have prepared it to meet the issue presented by the amended complaint but that counsel for the street railway company indicated that a continuance would be of no avail.

The original complaint alleged that at the time and place of the accident the street railway company had carelessly and negligently operated its bus and failed to control and regulate it. Thereunder there can be little doubt that plaintiff could have submitted evidence as to the failure to keep to the right of the center line of the highway (Baufield v. Warburton, 181 Minn. 506, 233 N. W. 237; cf. Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; see, 13 Dunnell, Dig. [3 ed.] § 7058), and it would follow therefore that there was no error in permitting the amendment as to this claim.

■ As to the allegation relating to failure to keep streets and tracks in repair, while it injected a new basis for the claim of negligence, it did not change the nature of the action, and had plaintiff been denied his motion relative thereto, he might have dismissed his action without prejudice and instituted a new one, wherein this claim could then be pleaded. Had this course been followed, the street railway company would be in the same position it now occupies with reference to defensive evidence on this issue. Further, Rule 8.01 of

Rules of Civil Procedure requires merely that the complaint contain a short and plain statement of the claim, and under Rule 84, Appendix of Forms, form 8, a complaint for negligence need only allege that "defendant negligently drove a motor vehicle against plaintiff." Rule 15.01 directs that leave to amend pleading should be freely given when justice requires, and vests wide discretion in the trial court with respect thereto. Colstad v. Levine, 243 Minn. 279, 67 N. W. (2d) 648; Brannan v. Shertzer, 242 Minn. 277, 64 N. W. (2d) 755; see, Wright, Minnesota Rules, p. 101. With these provisions in mind, we conclude there was no error in authorizing the amendments described.

■ As to Enfield's statement that he had no insurance, the procedure relative thereto was as follows: On cross-examination, he was asked by counsel for the street railway company if he had told a police officer that he had been drinking prior to the collision and if he had given the officer his speed as 30 miles per hour. He denied this. On redirect examination, he was asked if he recalled anything he said to the officer and replied, "Yes, they asked me if I had insurance or anything on the car." The street railway company thereupon moved for a mistrial. This was denied, and the court ruled that Enfield might state the conversation. Notwithstanding this ruling, his counsel withdrew the question and moved the answer be stricken which motion the court granted. Plaintiff's counsel, in cross-examination, then sought to bring out the full conversation from Enfield. Counsel for the street railway company advised the court that he intended only to bring out Enfield's statement relative to speed and drinking and objected to anything which did not extend to such subjects. Over this objection, the court allowed Enfield to relate the remainder of the conversation. This was to the effect that, in response to a question by the officer as to whether he could pay for the damage or if he carried insurance on his car, he answered, "No." Counsel for the street railway company again moved for a mistrial on the ground the answer was prejudicial to his client. Subsequently the court charged the jury that:

"With reference to insurance coverage or lack of insurance coverage. You remember when you were being examined I put to the panel a general question with reference to that, and I think you all said that it would make no difference in your consideration, and I am sure it won't. * * * These parties' rights as to liability and amount of recovery have been so fixed by the acts of the drivers of these cars at and prior to the point of this admitted collision, and the amount of damages by the injuries that were received and have been established, not by whether there was or was not an insurance coverage or interest in the matter in any way, shape or manner. I am sure you understand that * * *."

On appeal, the street railway company contends that the procedure outlined conveyed to the jury the impression that Enfield lacked financial responsibility to compensate for plaintiff's damages and ·that, unless the street railway company was held liable, plaintiff would be left without recourse therefor, an impression so prejudicial that its motion for mistrial or new trial should have been granted.

The rule is well established that, if part of a conversation is brought out on cross-examination, the remainder may be submitted on direct to the extent that it tends to qualify or explain the part first disclosed. Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582; see, 6 Dunnell, Dig. & Supp. § 10319; McCormick, Evidence, § 56; 31 C. J. S., Evidence, § 190. Under the limitation specified, no part of the conversation which fails to furnish such aid may be received. Here the answer complained of related solely to insurance and had no bearing on either the issue of speed or use of intoxicants, and in consequence, it should not have been received. Jeddeloh v. Hockenhull, *supra;* Derrick v. Rock, 218 Ark. 339, 236 S. W. (2d) 726; Socony Vacuum Oil Co. v. Marvin, 313 Mich. 528, 21 N. W. (2d) 841.

■ There is authority to the effect that it may be improper to show that one of two defendants is not protected by insurance (Brown v. Murphy Transfer & Storage Co. 190 Minn. 81, 251 N. W. 5), but likewise, there is authority that a mere mention of insurance

does not always constitute reversible error. As stated in Odegard v. Connolly, 211 Minn. 342, 345, 1 N. W. (2d) 137, 139:

"* * * So long as the insurance is not featured or made the basis * * * for an appeal to increase or decrease the damages, the information would seem to be without prejudice."

See, Ostrowski v. Mockridge, 242 Minn. 265, 65 N. W. (2d) 185; Knudson v. Nagel, 238 Minn. 186, 56 N. W. (2d) 420; Sander v. Dieseth, 230 Minn. 125, 40 N. W. (2d) 844; Martin v. Schiska, 183 Minn. 256, 236 N. W. 312. Here the single reference to insurance; the court's strong admonition against making it the basis of the jury's decision; and the complete lack of any attempt to feature it would seem to make nonprejudicial the error with reference to its admission. In this respect, the case is clearly distinguishable from such decisions as Jeddeloh v. Hockenhull, *supra;* Lee v. Osmundson, 206 Minn. 487, 289 N. W. 63; Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251, where insurance coverage was repeatedly emphasized and featured in the questioning of witnesses or in the closing argument of counsel. As this court stated in Martin v. Schiska (183 Minn. 264, 236 N. W. 315):

"* * * Where it is apparent that the jury's information regarding the existence of insurance is not made use of to inflame or prejudice the jury in favor of either of the nominal or actual parties to the litigation, the fact of such information, or the manner in which that information was imparted in open court, should not call for a new trial."

Based upon the distinction differentiating the two lines of authority cited, we must hold in the instant case that the error with reference to the admission of the evidence on insurance coverage was not prejudicial to the extent of requiring a new trial.

The order appealed from is affirmed.

Affirmed.