FRANK L. WEBSTER v. PAUL SCHWARTZ AND ANOTHER. MARVIN H. ANDERSON CONSTRUCTION COMPANY, ADDITIONAL DEFENDANT, RESPONDENT.

81 N. W. (2d) 867.

March 15, 1957—No. 36,832.

*Sachs, Karlins, Grossman & Karlins, Louis Sachs* and *Richard F. Sachs,* for appellant.

*Daniel S. Feidt* and *Robert I. Lang,* for respondent.

DELL, CHIEF JUSTICE.

Plaintiff appeals from a judgment in favor of the additional defendant entered pursuant to a motion for summary judgment. On January 5, 1955, plaintiff commenced this action against the defendants Paul Schwartz and Penn Development Company. The complaint alleged that plaintiff and the defendants entered into a joint venture for the purpose of purchasing, developing, and selling real estate in the city of Minneapolis; that certain real estate, including that described in the complaint, was acquired by the plaintiff and the defendants; that defendants were endeavoring to exclude the plaintiff from his interest therein and an accounting was demanded. Nowhere in the complaint was the Marvin H. Anderson Construction Company mentioned.

On January 10 an amended complaint was filed by the plaintiff against the same defendants and the Marvin H. Anderson Construction Company was named as an additional defendant. This company,

for convenience, will be referred to as the additional defendant. The amended complaint contained the identical allegations of the original complaint and in addition an allegation that the additional defendant appeared to be the record owner of real estate described in the complaint and that it was joined as a defendant for the purpose of determining its interest in said premises. Plaintiff requested no relief as to the additional defendant. The answer of the additional defendant alleged that the complaint failed to state a cause of action against it; admitted that it was the record owner of real estate described in the complaint; and denied all other allegations. On April 28, upon demand of the plaintiff in discovery proceedings under Rule 26.01 of the Rules of Civil Procedure, the deposition of Marvin H. Anderson, president and treasurer of the additional defendant, was taken, and on June 2 the plaintiff, in answer to an interrogatory propounded to him by the additional defendant under Rule 33, admitted that the plaintiff and the additional defendant had never entered into any agreements for the purpose of purchasing, developing, and selling real estate in the city of Minneapolis.

On May 10 plaintiff, pursuant to Rule 34, moved the court to require the additional defendant to produce and permit the inspection, copying, or photographing of various of its contracts, deeds, records, checks, books, journals, ledgers, files, and numerous other instruments. This motion was heard on June 1 and denied on June 3.

Thereupon the additional defendant moved for summary judgment pursuant to Rule 56 and thereafter plaintiff moved for leave to interpose a second amended complaint. Both motions came on for hearing before the court on July 18. The motion of the plaintiff for leave to interpose a second amended complaint was denied and the motion of the additional defendant for summary judgment was granted. Judgment was entered and this appeal was taken.

The assignments of error present three questions for review. Did the trial court err: (1) In refusing to allow plaintiff discovery under Rule 34? (2) In granting summary judgment in favor of the additional defendant? (3) In refusing to allow plaintiff's second amended complaint?

■ Under Rule 34, as a prerequisite to the issuance of an order permitting discovery, the moving party must show good cause. In the instant case plaintiff's motion made under this rule for the right to inspect, copy, and photograph documents of the additional defendant, was, in effect, a blanket request to examine practically all of defendant's books, records, and documents without any showing that they had anything to do with the action or that he had any right to an accounting. The rule was never intended for such purpose.[1]

In Baskerville v. Baskerville, 246 Minn. 496, 75 N. W. (2d) 762, this court pointed out that Rule 34 is expressly made subject to Rule 30.02. This latter rule provides that the court may make any order which justice requires to protect a party from annoyance, expense, embarrassment, or oppression and that the power of the court in this respect shall be exercised with liberality in order to protect parties. In the Baskerville case we stated (246 Minn. 506, 75 N. W. [2d] 769):

"* * * The tenor of the new rules is to permit a wide discovery and investigation of the facts under Rules 26.02 and 34 but not to permit such discovery and investigation to be used in bad faith or in such a *manner* as unreasonably to annoy, embarrass, oppress, or injure the parties or witnesses * * *.

[1]See 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 796, where, in considering Rule 34 of the Federal Rules of Civil Procedure, it is stated that in determining what constitutes good cause the court should be satisfied that the production of the requested documents is necessary to enable a party to prepare his case or that it will facilitate proof or aid in the progress of the trial. See, also, Wofford v. Wofford (Fla.) 47 So. (2d) 306, 308, where, in commenting upon Rule 34 of the Federal rules, the Florida court stated:

"* * * The Federal Courts have many times construed the latter; holding that it does not contemplate the delivery to the opposite party of records en masse which might be found to be material. [Citing cases.] Our rule, as the Federal, seems to contemplate production for reasonable inspection and use in the trial of a case. It was never intended that possession of vast quantities of records would simply pass from one litigant into the hands of another."

"Obviously the trial court has a wide discretion as to the means to be employed in protecting the parties and witnesses."

Judge Anderson, who denied plaintiff's motion for discovery and inspection of documents, in a memorandum attached to the order, stated that it would be a "mockery" if "without first establishing his controverted right to an accounting, plaintiff in this case could plow through the books of somebody else's business and make them public property in effect without first establishing his right to an accounting." It is difficult to disagree with this reasoning. Certainly on the record here it cannot be said that in denying the motion the lower court abused its discretion even had the complaint stated a cause of action against the additional defendant.

There is another cogent reason, however, why the order denying plaintiff's motion for discovery and inspection of documents of the additional defendant was right. Rule 8.01 provides that a pleading which sets forth a claim for relief shall contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled, * * *." At the time that plaintiff moved for discovery and production of documents of the additional defendant on May 10 under Rule 34 and at the time of the hearing of said motion on June 1, it is clear that the complaint did not state a cause of action against the additional defendant for it wholly failed to comply with the foregoing provisions of Rule 8.01.

■ The motion of the additional defendant for summary judgment and plaintiff's motion for leave to interpose his second proposed amended complaint came on for hearing before Judge Theodore B. Knudson. At the time the motion for summary judgment was made, from the pleadings as they then stood, as previously pointed out, it is clear that no cause of action or claim showing that plaintiff was entitled to relief was stated against the additional defendant under Rule 8.01. After the motion for summary judgment was made, plaintiff, for the first time, served its second proposed amended complaint. In granting the motion of the additional defendant for summary

judgment, and in denying plaintiff's motion to amend his complaint for the second time, the court, in a memorandum, said:

"This Court is aware of the rule of broad liberality in the amendment of pleadings. Here we have an attempt to amend a pleading a second time and in this case following a motion for summary judgment. *This Court is of the opinion that under the circumstances of this particular case the motion should not be granted.* * * *

\* \* \* \* \*

"Under the pleadings, interrogatories and the files and records herein, this Court is of the opinion there is no fact issue alleged constituting a material issue for trial." (Italics supplied.)

Rule 56.03 is plain. If there is no genuine issue as to any material fact, as shown by the pleadings, depositions, and admissions on file, together with the affidavits,[2] the judgment sought shall be rendered forthwith. From the pleadings, deposition, answers to interrogatories, as well as other useable material in the file, and absent the proposed second amended complaint, the trial court was clearly right in granting summary judgment.

■ That brings up the final and really decisive question of whether the court should have granted plaintiff the right to amend his complaint for the second time before passing on the motion for summary judgment, an original and one amended complaint having already been served and filed.

Rule 15.01, as applicable to an amendment such as proposed in the instant case, provides that "leave shall be freely given *when justice so requires.*" (Italics supplied.) The interests of justice may sometimes require denial of leave to amend where the motion is not made timely. 6 Cyclopedia of Federal Procedure (3 ed.) § 18.08. We are not unmindful that we have held that amendments are to be freely allowed to encourage the presentation of the merits of the controversy.[3]

---

[2]Answers to interrogatories may also be considered. Wright, Minnesota Rules, p. 322.

[3]Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230, 233, 67 N. W. (2d) 400, 403. The rule under consideration there was Rule 15.02 dealing with amendments to conform to the evidence.

However, in Brannan v. Shertzer, 242 Minn. 277, 281, 64 N. W. (2d) 755, 757, in considering Rule 15.01, we stated:

"Rule 15.01 of the Rules of Civil Procedure provides that a party, after a responsive pleading has been served, may amend his pleading only by leave of court or by written consent of the adverse party. It further provides that leave shall be freely granted when justice so requires. *Such a motion to amend is addressed to the sound discretion of the court.* The rule is identical with Rule 15 (a) of the Federal Rules of Civil Procedure. *The federal rule has been interpreted as vesting large discretionary powers in the trial court.* [Citing cases.] The rules of civil procedure make no substantial change in the allowance of amendments of pleadings. 1 Youngquist & Blacik, Minnesota Rules Practice, p. 476. *Under prior practice, this court held that the amendment of pleadings was a matter lying almost wholly in the discretion of the trial court and that its action would not be reversed on appeal except for a clear abuse of discretion.* 5 Dunnell, Dig. & Supp. § 7696."[4] (Italics supplied.)

Giving due consideration to the record here, it cannot be said that the court abused its discretion in denying plaintiff the right to interpose the second amended complaint. While this proposed complaint attempted to set forth a cause of action against the additional defendant for the wrongful use of assets belonging to the joint venture alleged to be in existence between the plaintiff and the defendants Schwartz and Penn Development Company, and perhaps did so, it should not be overlooked that the court, in considering this proposed amendment, had the benefit of the discovery deposition of Marvin H. Anderson as well as the answers of the plaintiff to the interrogatories procured from him under Rule 33. From the information at hand the court could well have concluded that there was grave doubt as to the merits and good faith of plaintiff's alleged claim and that it was exceedingly doubtful, if not impossible, that the plaintiff upon the trial could prove the allegations of the proposed complaint if the amendment was allowed. In any event, to hold that, under the

[4]See, also, Anderson v. Enfield, 244 Minn. 474, 479, 70 N. W. (2d) 409, 413.

circumstances of this case, the court abused its discretion in refusing to allow the amendment would simply mean that the court has no discretion, which is contrary to our decisions as well as the rule under which the motion was made.

Since this opinion was written a dissent has appeared. The dissent completely overlooks the fact that none of the allegations purporting to state a cause of action against the additional defendant were in the amended complaint at the time the motion for summary judgment was made and heard. Those allegations, referred to in the dissent, were in the proposed second amended complaint which the court refused permission to the plaintiff to interpose and hence were not a part of the pleadings at the time summary judgment in favor of the additional defendant was granted. Clearly the amended complaint, as it stood at the time the motion for summary judgment was made and heard, as previously pointed out in this opinion, failed to state a cause of action against the additional defendant under the most liberal construction of Rule 8.01 and the parties themselves do not seriously contend otherwise. It may be fairly assumed that the very reason the plaintiff sought permission to interpose the second amended complaint was because he realized that neither his original complaint nor his first amended complaint stated a cause of action against the additional defendant and that he further realized that, unless his amended complaint could be amended again, summary judgment in favor of the additional defendant would be granted.

The dissent also completely overlooks the full import of the depositions, admissions on file, answers to interrogatories, and affidavits which the court had before it at the time it heard and decided adversely plaintiff's motion for leave to interpose his second proposed amended complaint. From a fair and impartial examination of those instruments it seems reasonably clear that the court was justified in entertaining grave doubt as to the merits and good faith of plaintiff's alleged claim. On the record here it should not be said that the court abused its discretion in refusing to give plaintiff a third chance to state a cause of action, particularly where the good faith of that claim or action is as much in question as here.

Nor need we resort to cases from other jurisdictions to determine what discretion is vested in a trial court in allowing or refusing amendments to pleadings under Rule 15.01 after issue has been joined. We have carefully considered and decided that matter in Brannan v. Shertzer, *supra*, and there is no need to again repeat or enlarge upon the rule stated there. If, under the facts of this case, we were to say, as the dissent would have us do, that the trial court abused its discretion in refusing to allow plaintiff to interpose his second amended complaint it would be the equivalent of stating that the amendments of pleading after issue has been joined are to be allowed as a matter of course, a thing which no lawyer or court would contend for and which is contrary to our decisions and the rules.

The judgment appealed from should be affirmed.

Affirmed.

MURPHY, JUSTICE (dissenting).

By his amended complaint, Frank L. Webster alleged that he and the defendant Paul Schwartz entered into a joint venture to develop certain real estate. The Penn Development Company was the corporate vehicle used in connection with their joint enterprise. It is alleged that certain property of the joint venture has been transferred from Penn Development Company to the additional defendant Anderson company. Webster asked for an accounting and for a determination of his interest in the real estate. By his answer Schwartz admitted indebtedness in a limited amount to the plaintiff. The additional defendant Anderson company admitted that it claimed record title to certain of the property described in the complaint. After the taking of depositions and interrogatories to the plaintiff, none of which were directed to the substance of his claim, the additional defendant Anderson Company filed a motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. The motion was noted for July 11, 1955, and at the same time the plaintiff filed a notice of motion for leave to interpose a proposed amended complaint and noticed it for hearing June 29, 1955. The purpose of the proposed amended complaint was to allege that plaintiff and Schwartz were in a joint venture; that the defendant

Schwartz and the additional defendant Anderson company were in a separate joint venture; and that Schwartz and the Anderson company engaged in a plan to use in their own enterprise assets belonging to the joint venture of the plaintiff and the defendant Schwartz. The proposed amended complaint asked for an accounting between the plaintiff and all of the defendants; for a determination of the interest of the additional defendant in the property in question; for restoration of the alleged diverted assets; and that a trust be imposed on all property in which the plaintiff has an interest but the record title to which is in the additional defendants.

Construing the proposed amended complaint so as to do substantial justice, as courts are required to do by Rule 8.06, it appears that the relief sought not only includes an accounting between the plaintiff and the defendants but asks as well that a constructive trust be impressed upon the real estate in which the plaintiff claims an interest, and record title to which now appears to be in the name of the additional defendant Anderson company. It seems to me that the proposed amended complaint fulfills the "fact-giving" and "issue-forming" function of notice so as to state a cause of action under Rule 8.01. 1 Youngquist & Blacik, Minnesota Rules Practice, p. 193. Real estate owned by joint adventurers is impressed with a trust in favor of all members of the joint venture and the trust follows the land until it passes into the hands of a bona fide purchaser. Irvine v. Campbell, 121 Minn. 192, 141 N. W. 108; Johnson v. Farmers & Merchants State Bank, 152 Minn. 442, 189 N. W. 583; 10 Dunnell, Dig. (3 ed.) § 4949; Altman v. Altman, 234 Minn. 183, 47 N. W. (2d) 870.

A summary judgment should be granted only where there is no issue of fact upon which a party can possibly recover. The pleadings are to be liberally construed in favor of the party opposing the motion (Purity Cheese Co. v. Frank Ryser Co. [7 Cir.] 153 F. [2d] 88) and all doubt should be resolved as against the moving party. Sartor v. Arkansas Natural Gas Corp. 321 U. S. 620, 627, 64 S. Ct. 724, 728, 88 L. ed. 967, 972.

I think the plaintiff should have been given an opportunity to clarify his complaint and to have his day in court. While the allegations in the amended complaint and the proposed amended complaint as to the additional defendant Anderson company could have been more clearly stated, nevertheless on the motion for summary judgment the objections could have been corrected, and the court should have permitted the proposed amendment in conformity with respected authority of Federal courts on this question. 1 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) §§ 444, 447; 3 Id. § 1236; Sidebotham v. Robinson (9 Cir.) 216 F. (2d) 816; Kane v. Chrysler Corp. (D. Del.) 80 F. Supp. 360. Cases should be determined on their merits and not on technicalities. 1 Moore, Federal Practice, § 8.01, states:

"* * * Litigation is not an art in writing nice pleadings. It can and should seldom be settled on its merits at the pleading stage * * *."

Tipton v. Bearl Sprott Co. (9 Cir.) 175 F. (2d) 432; Topping v. Fry (7 Cir.) 147 F. (2d) 715; Copeland Motor Co. v. General Motors Corp. (5 Cir.) 199 F. (2d) 566. In McNaughton v. New York Cent. R. Co. (7 Cir.) 220 F. (2d) 835, the court pointed out that leave to amend must be freely given, commensurate with the requirements of justice, and no proposed amendment should be denied unless it appears to a certainty that the moving party would not be entitled to any relief under any state of facts which could be proved in support of its claim.

It is clear from the record that by the granting of the motion to amend the position of the case on the calendar would not have been disturbed, nor would the objecting party have been prejudiced by delay.

It seems to me that Rule 15.01, which deals with amendments and which provides "and leave [to amend] shall be *freely* given when justice so requires" (italics supplied), has also been ignored. While it is apparent that amendments should not be granted without limit, and due regard should be had for the timeliness of the amendment, and for the question of whether or not the opposing party is preju-

diced by it, the use of the word "freely" can have no other meaning than to persuade a court to unhesitatingly permit amendments where justice requires so that a litigant may have an opportunity to fully present the merits of his cause.

The plaintiff should be entitled to prove, if he can, that he has some right or interest in the real estate involved in this suit or whatever equity he may have in the assets of the first joint venture which are now alleged to be in the name of and under the control of the additional defendant Anderson company. The fact that it may appear that plaintiff is unlikely to prevail upon trial is not sufficient reason for denying him his day in court, particularly on the record before us which does not indicate that the plaintiff's claims are sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Sprague v. Vogt (8 Cir.) 150 F. (2d) 795, 801; Johnson Farm Equipment Co. v. Cook (8 Cir.) 230 F. (2d) 119; Marion County Co-op. Assn. v. Carnation Co. (W. D. Ark.) 114 F. Supp. 58.

Without further laboring the points presented, it is sufficient only to refer to the well-considered case of Michel v. Meier (W. D. Pa.) 8 F. R. D. 464, where most of the objections raised by the defendants were considered and rejected.

I therefore respectfully dissent.