236

5-2098                                    335 S. W. 2d 303

Opinion delivered May 16, 1960.

*Griffin Smith,* for appellant.

*Thorp Thomas* and *Tom Gentry,* for appellee.

Sam Robinson, Associate Justice.  On the 27th day of September, 1955, a car occupied by Richard F. Toll, Sr. collided with a large truck pulling a trailer, driven by W. T. Jackson.  Mr. Toll received injuries from which he died.  The administratrix of his estate sued W.  T. Jackson and the Phillips Cooperative Gin Company, alleging that the collision was due to the negligence of Jackson and that he was the agent, servant and employee of the Gin Company at the time of the collision.  There was a judgment for the administratrix.  Jackson did not appeal.  The Gin Company did appeal and the judgment was reversed because of the giving of an erroneous instruction.  But this Court held that the evidence was sufficient to sustain the verdict.  *Phillips Cooperative Gin Company* v. *Toll,* 228 Ark. 891, 311 S. W. 2d 171.

When the case was tried anew, the only issue submitted to the jury was whether at the time of the col-

lision W. T. Jackson, the driver of the truck which collided with the car occupied by Mr. Toll, was the agent of the appellant Gin Company. The jury found by its verdict that Jackson was an agent of the appellant. As above mentioned, in the first case this Court held that the evidence was sufficient to take the case to the jury on the question of the sufficiency of the evidence to establish the relationship of master and servant between the Gin Company and W. T. Jackson. There is no substantial variance between the evidence in the case at bar and the evidence in the first case on the point of agency. There is a slight difference in the evidence regarding the registration of the trailer attached to the truck involved in the collision. In the first case it was shown that the trailer was registered in the name of C. T. Jackson, who is the president of the Gin Company and father of W. T. Jackson. In the case at bar no evidence was introduced showing in whose name the trailer was registered, but C. T. Jackson did testify that at one time he owned the trailer. We do not think this slight deviation is material. Moreover, additional evidence of agency was introduced.

Kay Matthews, a witness for appellee, testified that he is an attorney and acting chairman of the Arkansas Commerce Commission; that the Commission has to do with matters relating to transportation by common carriers, participating carriers and other carriers; that carriers of cotton seed are not required to obtain certificates of convenience and necessity, but they are required under the law to file securities in the form of a policy of public liability insurance; that he had searched the records of the Arkansas Commerce Commission back to 1950 and there was no record whatever of W. T. Jackson having filed anything. Matthews further testified that a company that hauls its own products is not required to file anything with the Commission.

It is contended by the Gin Company, and Jackson also testified, that he had been hauling as an independent contractor for the Gin Company over a period of several years. If this was true, Jackson had failed to comply with the requirement that he deposit evidence of

liability insurance. On the other hand, if Jackson was merely acting as agent for the Gin Company, there was no requirement that anything be filed with the Commerce Commission. In these circumstances the fact that nothing had been filed with the Commission was a fact from which a jury could draw the inference that the truck was being operated by the Gin Company. The jury had a right to consider this fact for whatever it was worth. They could draw such an inference from the proven facts, if they so interpreted the facts. There is no merit to appellant's contention that the question of insurance was injected into the case in violation of the rule discussed in *Derrick* v. *Rock,* 218 Ark. 339, 236 S. W. 2d 726.

On cross-examination W. T. Jackson was asked if a short time after the collision occurred he did not state to Officer Cone that he was on his way back to the Phillips Gin Company at Wycamp. The witness replied that he did not remember. Appellee put Officer Cone on the stand and asked him if Jackson had not said that he had been to the Southern Oil Mill to haul a load of seed up there for Phillips Cooperative. Appellant objected and the objection was sustained. Cone gave additional testimony, but no further objection was made to it.

Appellant complains of certain instructions given by the court. We have examined all of the instructions carefully, but find no error.

Affirmed.